**Edward Frank BINA, Appellant,**

v.

**Norma Sue BINA, Appellee.**

**No. 2–94–262–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 12, 1995.

L. Bradley Marling, Cramb, Marling & Smith, Hurst, for Appellant.

Steven T. Carpenter, Law Office of Don Driver, Fort Worth, for Appellee.

Before LIVINGSTON and RICHARDS, JJ., and JOE SPURLOCK, II, J. (Retired).

## OPINION

LIVINGSTON, Justice.

Norma Sue Bina, appellee, and Edward Frank Bina, appellant, were divorced on August 27, 1992. On May 27, 1994, the court signed an Amended Order on Motion for Clarification of Prior Order. In his sole point of error, Frank appeals the court's amended order, arguing the trial court's order is unenforceable because it was actually a

modification that was entered beyond the court's plenary power to modify. We disagree. Because the trial court found that the original decree was ambiguous, the change in the decree was a clarification, not a modification.

The original agreed decree gave Norma:

One-half (½) of any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of [appellant's] past employment with Tandy Corporation, including but not limited to Tandy Craft Stock and Tandy Corporation Stock from November 1987 to the date of entry of the Agreed Decree.[1]

Frank was to receive:

Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of [appellant's] past, present or future employment; except that amount of funds or stocks awarded herein to [appellee]. [Emphasis omitted.]

Shortly after the divorce, Norma filed a Motion for Contempt and For Enforcement of Decree of Divorce on December 1, 1992. One ground of Norma's motion was Frank's alleged failure to deliver some shares of stock to her as provided in the decree. Norma requested that Frank be ordered to deliver the Tandy Craft and Tandy Corporation stock to her. Frank answered and filed a Cross–Motion for Enforcement and Order to Appear alleging, among other things, that

---

1. The agreed divorce decree also contained a provision regarding clarifying orders that provided: "Without affecting the finality of this Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree."

Norma failed to deliver to Frank his share of the Tandy Stock certificates.[2]

Norma also filed a Motion to Clarify Judgment of Divorce in Division of Property on March 9, 1994, requesting the court to clarify "which employee stock purchase programs [were] subject to having one-half (½) of the stock that had been purchased through those programs from November 25, 1987 until August 27, 1992 go to [Norma]." A hearing was held on the pending motions to clarify and enforce on April 4, 1994. No transcription of the hearing was made.

On April 13, 1994, the court rendered its order in Norma's favor and granted the clarification as to both types of stock. The court signed the order of clarification on May 3, 1994. On May 13, 1994, Frank filed a Motion to Set Aside and Vacate Order regarding the May 3 clarification. On May 27, 1994, the court signed an Amended Order on Motion for Clarification of Prior Order which provided:

> One-half (½) of any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of [appellant's] past employment with Tandy Corporation *and Tandycrafts, Inc. which includes all Tandy Corporation stock purchased through Tandy Corporation Employee Stock Purchase Program and all Tandycraft, Inc. stock purchased through Tandycraft, Inc. Employee Stock Purchase Program* from November 25, 1987 through entry of the Agreed Divorce which is *August 27, 1992.*[3] [Emphasis added.]

Frank filed a request for findings of facts and conclusions of law on June 30, 1994. The court signed findings of fact and conclusions of law on August 2, 1994. The court found that there was a dispute between the parties as to the interpretation of the language in the original decree regarding the division of the Tandycraft, Inc. stock. The court found that the original decree was ambiguous and not specific enough to be enforceable by contempt. Further, the court explained that the language in the clarification order was consistent with the prior decree and did not "amend, alter or change the actual, substantive division of property made or approved in the Decree of Divorce." The court concluded the intent of the parties in the original decree was that Norma would receive one-half of the Tandy Corporation stock and one-half of the Tandycraft, Inc. stock derived from Frank's employment with both Tandy Corporation and Tandycraft, Inc.

Frank objected to the court's findings of fact and conclusions of law and requested additional or amended findings of fact and conclusions of law on August 19, 1994. No amended or additional findings of fact or conclusions of law were filed.

We begin by addressing the issue of whether the trial court's order in this case was a clarification as explained by the court or a modification as alleged by Frank. Frank argues the order was a modification because there was no ambiguous language in the original decree. He alleges that "[a]t all hearings, appellant repeatedly objected to any modification of the Judgment of Divorce as being beyond the powers of the trial court." Frank however, has failed to bring a record before this court to support his contentions.

Where a statement of facts is not brought forward and the trial court has given findings of fact and conclusions of law, the trial court's findings of fact are conclusive and we presume that sufficient evidence was introduced to support the findings and the judgment based on them. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968); *Wells v. Kansas Univ. Endowment Ass'n,* 825 S.W.2d 483, 487 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Catlett v. Catlett,*

---

2. Frank argued the order Norma sought to introduce was not specific enough to be enforced by contempt and required the court enter a clarifying order.

3. The only substantive distinction between the May 3, 1994 order and the May 27, 1994 order was the deletion of a provision referring to the agreed nature of the original decree.

630 S.W.2d 478, 482 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Further, although a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce more than thirty days after the decree, the court does have power to issue orders clarifying the original order to aid in the enforcement of the original judgment. TEX.FAM.CODE ANN. § 3.71(a) (Vernon 1993).

The trial court found that the original order was ambiguous and that the clarification order was based on the findings and conclusions that the parties intended in the original decree to give Norma one-half of the Tandy Corporation stock and one-half of the Tandy-craft, Inc. stock acquired during the time period specified. Because we have no statement of facts from the April 4 hearing, we must presume the evidence before the court supports the finding that the trial court was clarifying an ambiguous order. Frank has not preserved error, if there was any, in the trial court. Frank's sole point of error is overruled because the trial court had authority to issue an order clarifying the original decree in furtherance of enforcing the original decree, and because appellant has failed to preserve his alleged error.

Accordingly, the judgment of the trial court is affirmed.