David LUNDY, Appellant,

v.

Deborah LUNDY, Appellee.

No. 12–96–00271–CV.

Court of Appeals of Texas,
Tyler.

Feb. 26, 1998.

Jerry Bain, Gregory D. Smith, Tyler, for appellant.

Deborah J. Race, Ric Freeman, Tyler, for appellee.

Before RAMEY, C.J., HOLCOMB, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

HOLCOMB, Justice.

Appellant, David Lundy ("David") appeals the trial court's "clarification" of Appellee, Deborah Lundy's ("Deborah"), and his divorce decree in regards to child support. In five points of error, he complains that the trial court erred in ordering a child support increase, in refusing to decrease child support, in purporting to "clarify" the divorce decree's child support provision, by failing to apply the correct legal standard governing the determination of the maximum legal child support amount, and in issuing an order of child support without entering sufficient findings of fact and conclusions of law. We will affirm in part and reverse and render in part.

In the original divorce decree, David and Deborah were given joint managing conservatorship of their two children. The son was to live with David, and the daughter was to live with Deborah. David was to pay two mortgage payments, taxes and insurance on the homestead until the sale of the house, and Deborah and daughter could live in the house until it sold, rent-free. David was to pay Deborah $2,000 per month in child support until the sale of the homestead. After the sale, David's child support payment was to increase to $2,750 per month until the girl graduated from high school. Before the house sold, David paid off the largest mortgage.

Deborah asked the court to clarify the divorce decree so as to require David to pay the higher child support since he was no longer making the large mortgage payment. In her motion to clarify she stated, "... the decree did not address the issue of adjustment of child support in the event any of the notes were paid off. Therefore, Movant requests that the Court merely clarify the prior order to include provisions regarding the pay-off of the loan and indebtedness as well as the sale of the house."

David counterclaimed with a motion to modify in which he asked the court to reduce his child support to approximately $1,700 because of changed circumstances: 1) Deborah was now employed, whereas she was not when the judgment was rendered; 2) David was making less income; and 3) the needs of the daughter were approximately $1,700 per month less than the amount of court-ordered child support.

The trial court "clarified" the divorce decree and ordered David to pay $2,561 per month until the second mortgage was paid off or the house was sold, and then $2,750 until the daughter graduated from high school. The court filed findings of fact and conclusions of law which stated that it was not modifying the child support payment because it found no change in circumstances. It concluded that it was not increasing nor decreasing support except to the extent that it was clarifying its previous order, taking into account the payoff of the first mortgage.

In his third point of error, David complains that the court erred when it "clarified" the divorce judgment's child support provision. We agree. A court may clarify an order rendered by the court if the court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt.[1] Although a court does retain the inherent power to clarify, interpret or enforce a provision of a divorce decree, a court may not set aside or alter a judgment after the expiration of its plenary power, and an order attempting to do so is void.[2] A court may not change the substantive provisions of an order to be clarified, and a substantive change is not enforceable.[3] The only basis for clarifying a prior decree is when a provision is ambiguous and non-specific.[4] In the absence

1. TEX. FAM CODE ANN. § 157.421 (Vernon 1996).

2. Cavazos v. Cavazos, 941 S.W.2d 211, 214 (Tex. App.—Corpus Christi 1996, writ denied).

3. TEX. FAM.CODE ANN. § 157.423 (Vernon 1996).

4. See Bina v. Bina, 908 S.W.2d 595, 598 (Tex. App.—Fort Worth 1995, no writ).

of an ambiguity, the trial court is without authority to modify the judgment.[5]

■ In the original divorce decree, the child support provision stated the following:

> IT IS ORDERED AND DECREED that David Carroll Lundy is obligated to pay and, subject to the provisions for withholding from earnings for child support specified below, shall pay to Deborah Louise Lundy child support of $2,000.00 per month, with the first payment of $2,000.00 being due and payable on February 1, 1994, and a like payment of $2,000.00 being due and payable on the first day of each month thereafter until the first month following the date on which the closing for the sale of the residence on Matt Lane takes place. Thereafter, IT IS ORDERED AND DECREED that David Carroll Lundy is obligated to pay and, subject to the provisions for withholding from earnings for child support specified below, shall pay to Deborah Louise Lundy child support of $2,750.00 per month, with the first payment of $2,750.00 being due and payable on the first day of the month following the closing of the home on Matt Lane, and a like payment of $2,750.00 being due and payable on the first day of each month thereafter until of[sic] the earliest occurrence of one of the events specified below ...

The order that child support payments continue at $2,000.00 per month until the sale of the house is specific and unambiguous. It is an enforceable provision which requires no interpretation or clarification. When the trial court increased the child support payment because of the pay-off of a mortgage, it made a substantive change to the divorce decree. We hold that the court abused its discretion when it "clarified" the child support provision. Point of error three is sustained.

■ In his second point of error, David complains that the trial court erred when it denied his motion to decrease the child support payment. His main contention is that the amount ordered in the original decree was more than the proven needs of the child, in violation of § 154.126 of the Texas Family Code.[6] After reviewing the record, we acknowledge that David is correct in his contention that the evidence of the proven needs of his daughter was substantially less than the child support ordered in the original decree. A court may modify an order that provides for the support of a child, however, *only* if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition.[7] David cited only three "substantial changes" which would support a modification: 1) Deborah was now employed, whereas she was not when the judgment was rendered; 2) David was making less income; and 3) the needs of the daughter had decreased to approximately $1,700 per month. The record shows that at the time of the hearing, Deborah was earning approximately $1600.00 per month. The evidence adduced at trial also showed that David's income was $17,333.00 per month, not significantly less than when the original divorce decree was rendered. Deborah herself testified that the needs of her daughter did not exceed $1,700 per month. Based upon this evidence, the court found that there was no material and substantial change in the circumstances of any of the parties.

■ The standard of review of a trial court's order of child support is the abuse of discretion standard.[8] The test by which that standard is applied is whether the trial court acted arbitrarily or unreasonably without reference to any guiding rules or principles.[9] A relevant consideration is the existence of sufficient evidence in the record upon which the trial court could exercise its discretion.[10]

5. *Pearcy v. Pearcy*, 884 S.W.2d 512, 514 (Tex. App.—San Antonio 1994, no writ), *citing McGehee v. Epley*, 661 S.W.2d 924, 925 (Tex.1983).

6. TEX. FAM.CODE ANN. § 154.126(b) (Vernon 1996).

7. TEX. FAM.CODE ANN. § 156.401 (Vernon 1996).

8. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

9. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

10. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991).

"Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision." [11]

While Deborah's income had indisputably increased since the divorce, the court more than likely took her earning capacity into consideration when it originally set child support. Moreover, the court could have found that Deborah's work status, when viewed in conjunction with her moderate income and the fact that she had only had the job for a month, did not in and of itself constitute a material and substantial change as a matter of law. And the court could certainly have found, upon David's own admission, that he had not suffered a reduction in his sizable income. Furthermore, the fact that the original child support order was not in compliance with the statutory guidelines could not, in and of itself, establish a material and substantial change in circumstances.[12] We conclude that the trial court *did* act pursuant to guiding rules and principles and that there was sufficient evidence in the record to support its finding that there was no material and substantial change in the circumstances of a party to support David's motion to modify. No abuse of discretion has been shown. Point of error two is overruled.

Because the court did not render judgment modifying child support, we overrule points of error one, four and five. We *affirm* the trial court's judgment denying modification of the child support order and *reverse* and *render* as to the judgment "clarifying" the divorce decree.

---

**11.** *Powell v. Swanson*, 893 S.W.2d 161, 163 (Tex. App.—Houston [1st Dist.] 1955, no writ).

**12.** *In the Interest of G.J.S.*, 940 S.W.2d 289, 294 (Tex.App.—San Antonio 1997, no writ), *citing Cole v. Cole*, 882 S.W.2d 90, 92 (Tex.App.—Houston 1994, writ denied).