Kimberly MOORE, Appellant,

v.

Jerry BROWN, Appellee.

No. 2–98–322–CV.

Court of Appeals of Texas, Fort Worth.

May 27, 1999.

Rehearing Overruled June 24, 1999.

86. *Id.* at 828.

87. *Id.*

James W. Creech, Dallas, for appellant.

H. Craig Black, Greenville, for appellee.

Before Panel A: CAYCE, C.J.;
LIVINGSTON and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Kimberly Moore appeals the trial court's order granting Jerry Brown summary judgment denying Moore's motion to modify their 1979 divorce decree and a 1991 judgment that ordered Brown to pay past-due child support in monthly installments. Because we find that the trial court did not have jurisdiction to modify the 1979 divorce decree or the 1991 judgment, we affirm the trial court's order.

## BACKGROUND

Moore and Brown were divorced in 1979, and Brown was ordered to pay child support for their child, Jerri Ann Brown. Brown failed to make numerous child support payments, and after an October 22, 1991 hearing on notice of delinquency, the trial court entered an agreed order requiring Brown to pay $15,441 in past due child support. The judgment was signed on December 6, 1991, and provided for monthly payments of $75 until November 28, 1996, the date of Jerri Ann Brown's emancipation. After November 28, 1996, the judgment required Brown to pay $225 per month until the judgment was fully paid. As of the date of the hearing on Brown's motion for summary judgment, he had made every payment required by the 1979 divorce decree and the December 6, 1991 installment judgment.

On April 3, 1998, Moore filed a motion to modify the 1979 divorce decree and December 6, 1991 installment judgment, seeking to raise the monthly child support payments. Moore also asked the court to "confirm" all unpaid child support, and to award her prejudgment and post-judgment interest on the amount she claimed was unpaid. Brown moved for summary judgment on six grounds: (1) that the trial court lost jurisdiction to modify the divorce decree after Jerri Ann Brown was emancipated on November 28, 1996; (2) that the trial court could not modify the installment judgment because it had been fully complied with and because of its very nature as a judgment, it was not subject to modification; (3) that there was no unpaid child support under the December 6, 1991 installment judgment, only a principal balance that was not yet due under the terms of the judgment; (4) that he had not failed to make any payment required by the installment judgment; (5) that no arrearage of child support had accrued between the date of the installment judgment and

the termination of his child support obligation by the emancipation of Jerri Ann Brown; and (6) that there was no arrearage to confirm by further judgment. After conducting a hearing, the trial court granted summary judgment for Brown without specifying any ground on which the judgment was granted.

## STANDARD OF REVIEW

The standards for reviewing a motion for summary judgment are well established. The issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Calvillo v. Gonzalez*, 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

## ISSUES

Moore presents five issues on appeal. She asks us to determine whether the trial court maintained "continuing exclusive jurisdiction" over the 1979 divorce decree and December 6, 1991 installment judgment for purposes of modification; whether she was entitled to pre- and post-judgment interest on the December 6, 1991 installment judgment; whether the accrued interest can be enforced by confirmation of a judgment; whether the trial court can modify the amount of the monthly arrearage payment under the installment judgment; and whether the trial court can confirm arrearages, prior judgments, and interest into a cumulative judgment.

## CONTINUING, EXCLUSIVE JURISDICTION

Continuing, exclusive jurisdiction is acquired by a court when it renders the "final order" in an original suit affecting a parent-child relationship. *See* Tex. Fam. Code Ann. § 155.001(a). Once acquired, continuing, exclusive jurisdiction may be exercised "to modify [the] order regarding managing conservatorship, possessory con-

servatorship, possession of and access to the child, and support of the child." *Id.* §§ 155.003(a), 156.001.

■ Moore asserts that the trial court has *continuing, exclusive jurisdiction* to modify the divorce decree because of the provisions of family code section 155.004. Section 155.004 provides that a trial court loses its *continuing, exclusive jurisdiction* to modify its final order if (1) an order of adoption is rendered after the court acquires continuing, exclusive jurisdiction of the suit; (2) the parents of the child have remarried each other; or (3) another court assumes jurisdiction over the suit based on incorrect information that there was no court of continuing, exclusive jurisdiction. Tex. Fam. Code Ann. § 155.004 (Vernon 1996). However, section 155.004 only applies when the final order affecting a parent-child relationship is still in effect. A careful reading of chapter 155 and other relevant sections of the family code compels the conclusion that once the child becomes emancipated, the underlying child support obligation terminates, and so does the trial court's *continuing, exclusive jurisdiction* to modify that child support order. Consequently, when Jerri Ann Brown became emancipated, the trial court lost its continuing, exclusive jurisdiction to modify the divorce decree concerning managing conservatorship, possessory conservatorship, possession of and access to Jerri Ann Brown, and more specifically, the amount of child support Brown must pay.

■ The trial court also has no jurisdiction to modify the December 6, 1991 installment judgment. Family code section 157.269 states that once child support arrearages are reduced to a final judgment, the trial court "retains *jurisdiction* until the arrearages are paid in full as required by the court order." Tex. Fam. Code Ann. § 157.269 (Vernon 1996) (emphasis added). We agree that the jurisdiction conferred by section 157.269 enables the trial court to *enforce* its judgment for arrearage. However, Moore argues that the retained

jurisdiction authorized by section 157.269 is tantamount to *continuing, exclusive jurisdiction,* and thereby allows the trial court to *modify* the previously entered judgment because Brown has not yet paid every installment required by the judgment. We are not persuaded.

■ Nothing in section 157.269 suggests that the Legislature intended to vest the trial court with *continuing, exclusive jurisdiction* to later modify an earlier judgment that awarded a specific amount of past-due child support. We must presume that in drafting a statute, the Legislature has a sound purpose for including or excluding relevant provisions. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). Because section 157.269 does not state that the trial court maintains *continuing, exclusive jurisdiction,* we will not imply it absent clear legislative intent. *See id.*

### PLENARY POWER

■ To allow the trial court to modify a final judgment after seven years would also ignore the rule governing a trial court's plenary power. *See* TEX.R. CIV. P. 329b(d) (The "trial court ... has plenary power ... to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed," unless a motion for new trial or motion to modify, correct, or reform is timely filed, in which case the trial court's plenary power shall extend until thirty days after such motions are overruled.). Once a trial court's plenary power has expired, it has no jurisdiction to modify or change its original judgment except by bill of review. See *Ex parte Balazik,* 631 S.W.2d 198, 200 (Tex.App.— Fort Worth 1982, no writ); *see also Lundy v. Lundy,* 973 S.W.2d 687, 688 (Tex.App.— Tyler 1998, pet. denied) ("[A] court may not set aside or alter a judgment after the expiration of its plenary power, and an[y] order attempting to do so is void.").

Moreover, the child support arrearages owed by Brown were paid in full as required by the court order. It is undisput-

ed that Brown timely paid every installment required by the December 6, 1991 judgment.

### INTEREST

■ Moore contends that the trial court erred by granting summary judgment because she was entitled to pre- and post-judgment interest on the December 6, 1991 installment judgment. The law in effect on the date that the trial court ordered Brown to pay $15,441 in child support arrearages allowed for prejudgment and post-judgment interest on child support arrearage judgments. *See* Act of June 16, 1991, 72nd Leg., R.S., ch 467, 1991 Tex. Gen. Laws 1693 (amended 1993 & 1995) (current version at TEX. FAM.CODE ANN. § 157.264, 157.265 (Vernon 1996)); Act of May 17, 1983, 68th Leg., R.S., ch. 107, § 1, 1983 Tex. Gen. Laws 518, 518–19, *repealed by* Act of June 19, 1997, 75th Leg., R.S., ch. 1008, § 6, 1997 Tex. Gen. Laws 3601, 3602; *State v. Johnican,* 830 S.W.2d 215, 217 (Tex.App.—Houston [14[th] Dist.] 1992, no writ). However, the trial court did not order Brown to pay any interest, pre- or post-judgment. Even if Moore was entitled to pre- and post-judgment interest on the unpaid child support, as of December 6, 1991, the trial court had no jurisdiction to modify its December 6, 1991 installment judgment seven years later. The trial court lost its plenary power sometime in early 1992, and the court's attempt to modify the December 6, 1991 installment judgment after plenary power expired would be void. *See Lundy,* 973 S.W.2d at 688; *Ex parte Balazik,* 631 S.W.2d at 200.

### CONCLUSION

Because we have determined that the trial court is without jurisdiction to modify either the 1979 divorce decree or the 1991 installment judgment, and because there are no new arrearages, we need not address Moore's remaining issues concerning whether the accrued interest can be enforced as part of the child support ar-

rearages and whether the trial court can confirm the prior judgment and accrued interest into a cumulative judgment.

The trial court's jurisdiction to modify the 1979 divorce decree and the December 6, 1991 installment judgment has lapsed as a matter of law. We affirm the trial court's order granting Brown's summary judgment.