NO. 12-03-00169-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RICKY T. TERRY,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 2 OF


BRENDA GAIL TERRY,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


 Ricky T. Terry ("Appellant") appeals the trial court's order declining to grant relief sought
by Appellant in his petition to modify the terms of his community supervision based on a lack of
jurisdiction. Appellant raises three issues on appeal. We affirm.


Background

 Appellant was divorced from his wife, Brenda Gail Terry, by a final divorce decree on
January 12, 1989. Appellant was ordered to make support payments for his three children in the
amount of three hundred fifty-six dollars per month. Appellant failed to make the support payments
as ordered.

 The Attorney General for the State of Texas (the "State") petitioned for and, on March 28,
2002, was granted an order enforcing Appellant's child support obligation. The trial court found that
Appellant was $59,272.02 in arrears and ordered Appellant to pay two hundred dollars per month
in addition to his previously-ordered child support obligation until the arrearage was paid in full. 
The trial court found Appellant in contempt of court, but suspended Appellant's commitment and
placed Appellant on community supervision for one hundred twenty months. Among the terms and
conditions of Appellant's community supervision was the requirement that Appellant pay child
support and arrearage payments as ordered by the court.

 Appellant was subsequently determined to have been disabled since April 16, 2001. 
Following the disability determination, Appellant sought, and by order dated February 20, 2003, was
granted a reduction of his child support payments to one hundred ten dollars per month. Thereafter,
Appellant petitioned the trial court, seeking to modify the terms of his community supervision by,
among other things, reducing the amount of his arrearage payments. The trial court denied
Appellant's petition, finding that it did not have jurisdiction to modify the amount of Appellant's
court-ordered arrearage payments.


Modification of Arrearage Payments

 In his first and second issues, Appellant argues that the trial court had jurisdiction under the
Texas Family Code to terminate his community supervision prior to his payment of arrearages owed
and to modify the previously-ordered child support arrearage payment. Under the Family Code, the
trial court may discharge the respondent from community supervision on the motion of the
respondent if the court finds that the respondent (1) has satisfactorily completed one year of
community supervision, and (2) has fully complied with the community supervision order. See Tex.
Fam. Code Ann. § 157.217 (Vernon 2002). The Family Code also permits the court to continue,
modify, or revoke community supervision upon a motion by the State alleging that a respondent
violated the terms of his community supervision. See Tex. Fam. Code Ann. §§ 157.214, 157.216
(Vernon 2002). In the instant case, the State did not file a motion seeking to revoke Appellant's
community supervision. Appellant was placed on community supervision by order dated March 28,
2002. Appellant filed his motion seeking to modify the terms of his community supervision on
February 21, 2003. The trial court's order denying Appellant relief was signed on April 23, 2003. 
Appellant does not argue in his brief that he fully complied with the terms of his community
supervision order and the record neither expressly supports nor disproves such satisfactory
compliance.

 Nonetheless, the crux of Appellant's argument is that the trial court had jurisdiction, either
by virtue of its retained jurisdiction in accordance with Texas Family Code section 157.269 or by
the same manner in which criminal courts have the authority to modify the terms of community
supervision pursuant to Texas Code of Criminal Procedure article 42.12. Indeed, the trial court did
not find that it had no jurisdiction to modify any terms of Appellant's community supervision. 
Rather, the trial court's order specified that "it [did] not have jurisdiction to modify the amount of
[Appellant's] court ordered arrears payment." Thus, whether the trial court had jurisdiction to
modify the terms of Appellant's community supervision, apart from the requirement that Appellant
make specified arrearage payments, was not the basis for the trial court's denial of relief to Appellant
and is, therefore, not ripe for our consideration.

 Texas Family Code section 157.269 states that once child support arrearages are reduced to
a final judgment, the trial court "retains jurisdiction" until the arrearages are paid in full as required
by the court order. See Tex. Fam. Code Ann. § 157.269 (Vernon 2002); Moore v. Brown, 993
S.W.2d 871, 873 (Tex. App.-Fort Worth 1999, pet. denied). The jurisdiction conferred by section
157.269 enables the trial court to enforce its judgment for arrearage payments. Moore, 993 S.W.2d
at 873. However, such jurisdiction is not tantamount to continuing, exclusive jurisdiction, thereby
allowing the trial court to modify the previously entered judgment. Id. at 874. Nothing in section
157.269 suggests that the Legislature intended to vest the trial court with continuing, exclusive
jurisdiction to later modify an earlier judgment that awarded a specific amount of past-due child
support. Id. We must presume that in drafting a statute, the Legislature has a sound purpose for
including or excluding relevant provisions. Id. (citing Cameron v. Terrell & Garrett, Inc., 618
S.W.2d 535, 540 (Tex. 1981)). 

 Further still, were we to conclude that such continuing, exclusive jurisdiction did exist, to
allow the trial court to modify a final judgment as Appellant seeks to do would ignore the rule
governing a trial court's plenary power. See Tex. R. Civ. P. 329b(d). Once a trial court's plenary
power has expired, it has no jurisdiction to modify or change its original judgment except by bill of
review. See Lundy v. Lundy, 973 S.W.2d 687, 688 (Tex. App.-Tyler 1998, pet. denied) ("[A] court
may not set aside or alter a judgment after the expiration of its plenary power, and an order
attempting to do so is void."). Therefore, we will not imply such continuing, exclusive jurisdiction,
absent clear legislative intent. Appellant's first and second issues are overruled.




Equity Absent Jurisdiction

 In his third issue, Appellant argues that, absent jurisdiction, the trial court should have
granted Appellant equitable relief as there was no remedy at law. Equity jurisdiction does not flow
merely from the alleged inadequacy of a remedy at law, nor can it originate solely from a court's
good intentions to do what seems "just" or "right"; the jurisdiction of Texas courts - the very
authority to decide cases - is conferred solely by the constitution and the statutes of the state. State
v. Morales, 869 S.W.2d 941, 942 (Tex. 1994). As set forth above, here, no jurisdiction is conferred
on the trial court to modify a judgment that awarded a specific amount of past-due child support after
the court's plenary power expired. 

 The very balance of state governmental power imposed by the framers of the Texas
Constitution depends on each branch, and particularly the judiciary, operating within its
jurisdictional bounds. Id. at 949. The power of government emanates from the people's delegation
of power to government. Id. (emphasis in original). The checks and balances inherent in our form
of government depend upon the judiciary's equanimity and particularly upon our self restraint. Id. 
When a court lacks jurisdiction, its only legitimate choice is to dismiss. Thus, when the trial court
determined it lacked jurisdiction, it did not err by declining to grant equitable relief. Appellant's
third issue is overruled.


Conclusion

 Having overruled Appellant's issues one, two, and three, we affirm the trial court's order
dismissing Appellant's suit for lack of jurisdiction.


 DIANE DEVASTO 

 Justice



Opinion delivered December 31, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.






(PUBLISH)