NO. 07-11-00032-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 20, 2012

PHARIA, L.L.C., APPELLANT

v.

LINDA C. HAUENSTEIN, APPELLEE

FROM THE COUNTY COURT AT LAW OF HAYS COUNTY;

NO. 12267-C; HONORABLE LINDA A. RODRIGUEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Pharia, L.L.C. appeals a judgment granting the bill of review of appellee Linda C. Hauenstein. For the reasons that follow, we will affirm.

Background

Pharia sued Hauenstein alleging she breached a credit card account agreement by failing to make the required payment. The case was docketed under trial court case number 12267-C. Hauenstein answered by general denial and a plea of payment.

On June 4, 2009, Hauenstein filed a no-evidence motion for summary judgment asserting Pharia had no evidence supporting the elements of its claim. According to a notice included in the motion, a hearing on the motion was scheduled for June 30, 2009.

On July 1, 2009, the trial court signed a "final summary judgment." The judgment, *inter alia,* recites that Hauenstein is "entitled to judgment as a matter of law" and awards her attorney's fees of $1,500. The document concludes with the statement, "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore **FINAL**."[1] The record does not indicate whether the clerk gave Pharia the notice required by Rule of Civil Procedure 306a(3). Pharia did not file a motion for new trial or notice of appeal.

On August 12, 2009, Pharia filed a traditional motion for summary judgment seeking judgment on its entire case against Hauenstein. On August 14, 2009, the trial court signed an "order granting summary judgment." The document states that Pharia should recover its damages and attorney's fees from Hauenstein. The document concludes by stating, "IT IS FURTHER ORDERED that all relief requested in this case not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable."[2]

---

[1] Capitalization and bolding in original.

[2] Capitalization in original.

The record is silent until May 28, 2010, when Hauenstein filed a petition for bill of review in cause number 12267-C.[3] The pleading identifies Hauenstein as plaintiff and Pharia as defendant. By it, Hauenstein argues she was denied due process because she did not receive notice of Pharia's August 12, 2009 motion for summary judgment. She adds that the August 14, 2009 judgment is void. Hauenstein prays that the court "set aside and vacate[]" the August 14, 2009 judgment.

Pharia filed an answer and special exceptions to Hauenstein's petition for bill of review on June 25, 2010. This pleading states a general denial. It includes a recitation that Pharia did not receive notice of the hearing of Hauenstein's motion for summary judgment nor did it receive a copy of the July 1, 2009 judgment. It further states Pharia, "will agree to vacate the judgment rendered August 14, 2009 if the judgment rendered July 1, 2009 is also vacated as it was improper to award attorney's fees." Under the heading "special exception" Pharia states that it specially excepts to the July 1, 2009 judgment's award of attorney's fees in favor of Hauenstein. Pharia concludes with a prayer requesting dismissal of Hauenstein's petition for bill of review.

The clerk's record contains a notice under cause number 12267-C setting a hearing on "Plaintiff's Petition for Bill of Review and Special Exceptions" for non-jury trial

---

[3] "A bill of review is a separate suit, filed under a different cause number in the same court, with service on all parties affected by the original judgment." *Medeles v. Nunez,* 923 S.W.2d 659, 661 n.1 (Tex.App.--Houston [1st Dist.] 1996, writ denied) *overruled on other grounds Barker CATV Const., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 793 (Tex.App.--Houston [1st Dist.] 1999, no pet.). Pharia does not present an issue complaining of the trial court's failure to assign the bill of review proceeding a new cause number.

on August 11, 2010. The heading of the document states: "Linda C. Hauenstein v. Pharia L.L.C."

On August 4, 2010, Hauenstein filed a document in cause number 12267-C entitled "defendant's response to plaintiff's petition for bill of review and special exceptions." The pleading identifies Pharia as plaintiff and Hauenstein as defendant. It responds to Pharia's claim that the July 1, 2009 judgment wrongly awarded Hauenstein attorney's fees. However, the record does not contain a petition for bill of review filed by Pharia and in its reply brief Pharia makes clear it filed only a response to Hauenstein's petition for bill of review.

On August 6, 2010, in cause number 12267-C the trial court signed a document entitled "order denying plaintiff's petition for bill of review and special exceptions." The heading of the document identifies Pharia as plaintiff and Hauenstein as defendant. It recites the July 1, 2009 judgment's award to Hauenstein of attorney's fees was not the result of official mistake, the summary judgment of August 14, 2009, in favor of Pharia "should be set aside and vacated," and the summary judgment of July 1, 2009, "is reinstated."

On August 16, 2010, also in cause number 12267-C, the trial court signed a document entitled "order granting bill of review." The heading of this document identifies Hauenstein as plaintiff and Pharia as defendant. It states Hauenstein's bill of review should be granted and orders that the August 14, 2009 judgment, "is set aside and vacated."

4

Findings of fact and conclusions of law were neither requested nor filed. Pharia filed a notice of appeal in cause number 12267-C, under a heading identifying Pharia as plaintiff and Hauenstein as defendant. According to the notice, Pharia challenges the trial court's August 6, 2010 order. Despite some indication in the record that evidence was adduced at a bill of review hearing on August 6, 2010, a reporter's record was not filed.

Analysis

Pharia presents four issues: (1) "This appeal includes the no-evidence summary judgment and the bill of review"; (2) "The August 6, 2010, ruling on the bill of review violates due process"; (3) "Any award of attorney's fees to Hauenstein was reversible error"; and (4) "the trial court erred by granting Hauenstein's motion for no-evidence summary judgment."

Fundamental to our disposition of Pharia's issues is the efficacy of the July 1, 2009 judgment. It states the trial court's denial of any additional relief, disposition of all parties and their claims, and finality. The July 1, 2009 judgment was a final judgment terminating the case. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (requirements for finality of summary judgment). Pharia did not file a post-trial motion extending the plenary power of the trial court, Tex. R. Civ. P. 329b(d), and it did not, if applicable, seek to extend the post-judgment procedural deadlines. Tex. R. Civ. P. 306a(4),(5).[4,5] Thus the plenary

---

[4] "Post-judgment procedural timetables--including the period of the trial court's plenary power--run from the day a party receives notice of judgment, rather than the day

5

power of the trial court to alter the July 1, 2009 judgment expired after thirty days. Tex. R. App. P. 329b(d) ("The trial court . . . has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed"). Accordingly, the trial court had no jurisdiction to render summary judgment on August 14, 2009, in favor of Pharia. It was powerless to supplant the July 1, 2009 judgment with a new judgment. *See Moore v. Brown,* 993 S.W.2d 871, 874 (Tex.App.-- Fort Worth 1999, pet. denied) (stating once trial court's plenary power expires it has no jurisdiction to modify or change an original judgment except by bill of review). "Judicial action taken after the court's jurisdiction over a cause has expired is a nullity." *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). With this said, we turn to Pharia's issues.

In its second issue, Pharia argues it was denied due process because it had no notice of the hearing that produced the August 6, 2010 order. The record provides no indication this issue was preserved in the trial court for our review. Tex. R. App. P. 33.1(a). Even assuming the absence of proper notice and sufficient preservation of the complaint, Pharia does not demonstrate how it was harmed by a ruling of the trial court. Tex. R. App. P. 44.1(a)(1),(2) (error probably caused rendition of improper judgment or error prevented appellant from properly presenting case to court of appeals). Since the

---

judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed." *In re The Lynd Co.,* 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (citing Tex. R. Civ. P. 306a).

[5] The record does not indicate when Pharia or its attorneys acquired notice or actual knowledge of the July 1, 2009 judgment.

August 14, 2009 judgment was a nullity, Pharia could not have been harmed if it did not receive notice of a hearing intended to affect that decision. In other words, the case ended with the July 1, 2009 judgment and on the pleadings before it the trial court was powerless to judicially alter that judgment or displace it by the August 14, 2009 judgment. Pharia's second issue is overruled.

Through its third issue, Pharia argues Hauenstein was not entitled to an award of attorney's fees under the July 1, 2009 judgment and by its fourth issue it contends the record establishes a fact issue precluding the grant of summary judgment in favor of Hauenstein. The merit of the argument favoring either issue is beyond our consideration since the July 1, 2009 judgment became final thirty days after it was signed by the trial court. It was not challenged by timely appeal. We, therefore, lack jurisdiction to consider these issues. Tex. R. App. P. 25.1; *see Shackelford v. Barton,* 156 S.W.3d 604, 607 (Tex.App.--Tyler 2004, pet. denied) (explaining that an "untimely motion to set aside a judgment provides no basis for consideration on appeal"). Pharia's third and fourth issues are dismissed for want of jurisdiction.

As we perceive its first issue, Pharia argues it is entitled to appeal the bill of review and the July 1, 2009 judgment. From our discussion of its other issues, we conclude Pharia was free to challenge, albeit with ultimate futility, the trial court's decision on Hauenstein's petition for bill of review but we lack jurisdiction to now entertain a challenge by direct appeal of the July 1, 2009 judgment. To the extent the issue actually seeks affirmative relief as to Hauenstein's bill of review, it is overruled, for

7

the reasons we have discussed. To the extent the issue is a challenge of the July 1, 2009 judgment, it is dismissed for want of jurisdiction.

## Conclusion

Having overruled or dismissed each of Pharia's issues on appeal, we affirm the judgment of the trial court.


James T. Campbell
Justice


Pirtle, J., concurring in the result without written opinion.