

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00359-CV

Monica H. **WAINWRIGHT**,
Appellant

v.

James Richard **WILLIAMS**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-08447
Honorable David A. Canales, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  December 23, 2014

REVERSED AND REMANDED

        This case stems from an order granting a special appearance in a bill of review proceeding. In 1993, after Appellant Monica H. Wainwright failed to appear for a hearing, the trial court signed a modification of a final divorce decree which, inter alia, declared Appellee James Richard Williams's child support obligations null and void. Nineteen years later, Wainwright filed a bill of review alleging that Williams made material misrepresentations to the court during the 1993 proceeding. In response, Williams filed a special appearance contesting the trial court's jurisdiction over him. The trial court granted the special appearance and Wainwright brought this

appeal. Because we conclude the trial court had jurisdiction over Williams, we reverse the trial court's judgment granting Williams's special appearance and remand this matter for further proceedings consistent with this opinion.

## BACKGROUND

Wainwright and Williams divorced in Bexar County, Texas in 1990. Wainwright was appointed sole managing conservator and Williams was ordered to pay child support until their minor son turned eighteen years old. After the divorce, Wainwright moved to California.

In 1993, Williams filed a motion in Bexar County District Court to modify the final divorce decree requesting that (1) his child support obligation be decreased, (2) he be awarded standard visitation, and (3) Wainwright be ordered to share in the visitation costs. Wainwright did not appear at the hearing. After determining that Wainwright was in default, the trial court entered an order finding the following:

- termination of [Williams's] parental rights has been arranged with [Wainwright] and is to be expeditiously completed;
- any and all prior orders for child support were null and void; and
- no child support arrears existed and no future child support was owed by Williams and that an Employer's Order to Stop Withholding would be issued

Wainwright contends she did not receive notice regarding the determination that Williams's child support obligation had been voided and spent several years attempting to locate Williams to collect the child support he owed her. Wainwright ultimately hired a national locating service and in 2011, the service located Williams in Kentucky. Wainwright maintains this was the first time she learned of the 1993 modification.

In 2012, Wainwright filed a bill of review alleging that Williams (1) made material misrepresentations to the court regarding an alleged termination proceeding, (2) Williams's parental rights were not terminated, and (3) Wainwright did not receive notice of the default

judgment. Williams responded by filing a special appearance asserting the court lacked personal jurisdiction over him. Wainwright countered that the underlying custody case was filed in Bexar County and the order about which Wainwright complained was the result of the motion to modify filed in Bexar County by Williams.

On March 18, 2013, the trial court entered final judgment granting Williams's special appearance and Wainwright timely filed this appeal.

## PERSONAL JURISDICTION OVER WILLIAMS

We must first determine if the trial court had personal jurisdiction over Williams.

### A.    Standard of Review

Whether a court has personal jurisdiction over a nonresident defendant is a question of law subject to de novo review. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *Griffith v. Griffith*, 341 S.W.3d 43, 49 (Tex. App.—San Antonio 2011, no pet.). In a de novo review, we exercise our own judgment and examine each legal issue, without any deference to the trial court. *Hotels.com, L.P. v. Canales*, 195 S.W.3d 147, 151 (Tex. App.—San Antonio 2006, no pet.) (quoting *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). "When, as here, the trial court does not make findings of fact and conclusions of law in support of its ruling, 'all facts necessary to support the judgment and supported by the evidence are implied.'" *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009) (quoting *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (citations omitted)).

### B.    Arguments of the Parties

Wainwright argues that because her bill of review arises solely from Williams's own voluntary contacts with the State of Texas—modification of the divorce decree—the trial court retained personal jurisdiction over Williams.

Williams counters the trial court only has personal jurisdiction over him to the extent that the court had continuing and exclusive jurisdiction to modify existing child support orders. Here, Williams contends that all of the parties involved had permanently left the state and the trial court was, therefore, without an appropriate basis to justify its continued exercise of jurisdiction over him.

## C. Personal Jurisdiction

"Personal jurisdiction exists if the nonresident defendant's minimum contacts give rise to either specific jurisdiction or general jurisdiction. Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the forum." *BMC Software*, 83 S.W.3d at 795–96 (citation omitted); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West 2008). General jurisdiction arises when a defendant's contacts with the forum are continuous and systematic so that the exercise of jurisdiction is proper "even if the cause of action did not arise from or relate to" the defendant's forum contacts. *BMC Software*, 83 S.W.3d at 796.

### 1. Shifting Burdens of Proof

"[S]pecial-appearance jurisprudence dictates that the plaintiff and the defendant bear shifting burdens of proof in a challenge to personal jurisdiction." *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). The plaintiff bears the initial burden to plead allegations that would bring the nonresident defendant within the reach of the long-arm statute. *Id*. If the plaintiff pleads sufficient jurisdictional allegations, the defendant must then "negate all bases of personal jurisdiction alleged by the plaintiff." *Id*. The defendant can negate jurisdiction factually or legally. *Id*. at 659. "Factually, the defendant can present evidence that [he] has no contacts with Texas, effectively disproving the plaintiff's allegations." *Id*. However, the plaintiff may then submit her own evidence, affirming her allegations; she risks dismissal if she cannot present

evidence establishing personal jurisdiction. *Id*. A defendant may also defeat personal jurisdiction by showing that even if the plaintiff's alleged facts are true, the evidence is legally insufficient, i.e., the defendant's contacts fall short of purposeful availment, or the plaintiff's claims do not arise from the alleged contacts, or traditional notions of fair play and substantial justice would be offended if jurisdiction over the defendant were exercised by the trial court. *Id*.

### 2. *Texas and Federal Standards*

"'Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees.'" *Retamco Operating, Inc.,* 278 S.W.3d at 337 (quoting *Moki Mac*, 221 S.W.3d at 574); *accord Schlobohm v. Shapiro*, 784 S.W.2d 355, 356 (Tex. 1990). The federal constitutional standard for personal jurisdiction requires two conditions: (1) establishing minimum contacts with the forum state, and (2) traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *accord Retamco Operating, Inc.*, 278 S.W.3d at 338. Texas long-arm statute personal jurisdiction extends "'as far as the federal constitutional requirements of due process will permit.'" *PHC-Minden, L.P. v. Kimberly-Clark Corp*., 235 S.W.3d 163, 166 (Tex. 2007) (quoting *U–Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)).

### 3. *Purposeful Availment*

As the Texas Supreme Court explained in *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d at 784, we consider whether the defendant provided consent. "Jurisdiction is premised on notions of implied consent—that by invoking the benefits and protections of a forum's laws, a nonresident consents to suit there." *Id*. "A nonresident defendant that has 'purposefully availed' itself of the privileges and benefits of conducting business in the foreign jurisdiction has sufficient contacts with the forum to confer personal jurisdiction." *BMC Software*, 83 S.W.3d at 795 (citing

*Burger King Corp.*, 471 U.S. at 474–76). There are three parts to a purposeful availment inquiry: (1) only the nonresident defendant's contacts with the forum are relevant, not "the unilateral activity of another party or a third person"; (2) the contacts relied on must be "purposeful" rather than "random, isolated, or fortuitous"; and (3) the nonresident defendant "must seek some benefit, advantage, or profit by availing itself of the jurisdiction." *Michiana*, 168 S.W.3d at 784–85 (footnotes and internal quotation marks omitted); *see also Moki Mac*, 221 S.W.3d at 575.

### 4. Traditional Notions of Fair Play

The exercise of personal jurisdiction must also comport with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). We evaluate the contact in light of (1) the defendant's burden, (2) "'the forum state's interest in adjudicating the dispute,' [(3)] 'the plaintiff's interest in obtaining convenient and effective relief,' [(4)] 'the interstate judicial system's interest in the most efficient resolution of controversies,' and [(5)] the shared interest of the several states in furthering fundamental substantive social policies.'" *Id.*; *accord Michiana*, 168 S.W.3d at 799 (Medina, J., dissenting).

Because Wainwright's bill of review alleged jurisdiction over Williams, we must determine whether Williams's special appearance negated all bases of personal jurisdiction alleged by Wainwright. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010); *accord BMC Software*, 83 S.W.3d at 795.

## D. Analysis

### 1. Trial Court Proceedings

The record indicates the parties were divorced in 1990 in Bexar County, Texas. It is undisputed that Williams sought affirmative relief in the trial court. The trial court therefore had personal jurisdiction over Williams at the time. *See, e.g.*, *Trenz v. Peter Paul Petrol. Corp.*, 388 S.W.3d 796, 800 (Tex. App.—Houston 2012, no pet.). The 1990 divorce decree included a

SAPCR. The court therefore acquired and maintained continuing and exclusive jurisdiction[1] over the matters in regard to any child support modifications or enforcement proceedings. *See* TEX. FAM. CODE ANN. § 155.001(a) (West 2014); *see also Jones v. Tex. Dep't of Family & Prot. Servs.*, 400 S.W.3d 173, 175 (Tex. App.—Austin 2013, no pet.).

### 2. *Personal Jurisdiction Over Williams*

The trial court's 1993 order was based on the pleadings filed by Williams. By filing the motion to modify, Williams voluntarily invoked the jurisdiction of the Texas courts and submitted himself to Texas's jurisdiction. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998) ("'A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance.'") (quoting *Moore v. Elektro–Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied)).

Williams cannot seek relief from the trial court, and when that same relief is challenged, contend the trial court does not have jurisdiction over him. *See* TEX. FAM. CODE ANN. § 159.201(a)(2); *Dawson-Austin*, 968 S.W.2d at 322; *Waterman S.S. Corp. v. Ruiz*, 355 S.W.3d 387, 422 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (voluntarily filing one lawsuit can subject a party to personal jurisdiction in another lawsuit if "the lawsuits arise from the same general transaction"). The trial court therefore had personal jurisdiction over Williams.

We further conclude that the trial court's personal jurisdiction over Williams was retained to enforce that order. *See* TEX. FAM. CODE ANN. § 157.269 ("A court that renders an order providing for the payment of child support retains continuing jurisdiction to enforce the order, including by adjusting the amount of the periodic payments to be made by the obligor or the

---

[1] The trial court's continuing and exclusive jurisdiction was subject to other provisions in the Family Code. *E.g.*, TEX. FAM. CODE ANN. § 157.269; *See Moore v. Brown*, 993 S.W.2d 871, 873 (Tex. App—Fort Worth 1999, pet. denied).

amount to be withheld from the obligor's disposable earnings, until all current support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid."); *In re Dryden*, 52 S.W.3d 257, 264–65 (Tex. App.—Corpus Christi 2001, orig. proceeding) (reiterating court retains jurisdiction to enforce judgment); *Moore v. Brown*, 993 S.W.2d 871, 873 (Tex. App.—Fort Worth 1999, pet. denied) (agreeing that "section 157.269 enables the trial court to *enforce* its judgment for arrearage").

    *3.    Jurisdiction Over Williams is Consistent with Due Process Rights*

Having found minimum contacts by purposeful availment, we must ensure that the court's exercise of personal jurisdiction over Williams is consistent with state and federal due process rights. *Retamco Operating, Inc.*, 278 S.W.3d at 338; *accord Moki Mac*, 221 S.W.3d at 574; *Schlobohm*, 784 S.W.2d at 356. Wainwright concedes that Williams does not live in Texas and that his contacts are not sufficient to establish general jurisdiction over him. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984).

In this case, the court's personal jurisdiction is based on Williams's voluntary contact with the forum state. *Retamco Operating, Inc.*, 278 S.W.3d at 338; *see also Moki Mac*, 221 S.W.3d at 576. The 1993 proceedings were filed by Williams and not only sought the benefits and protections of Texas law, but prevailed in eliminating his financial obligations to Wainwright. It is this order that Wainwright now attacks. *See Moki Mac*, 221 S.W.3d at 585 (establishing that due process requires a substantial connection between the non-resident's contacts with Texas and the operative facts of this litigation). Similarly, Williams's availment of the Texas courts by filing the motion to modify and Wainwright's contesting of such filing gave him notice he could be haled into court in Texas, and such a suit therefore does not offend traditional notions of fair play and substantial justice. *See Zac Smith & Co., Inc. v. Otis Elevator Co.*, 734 S.W.2d 662, 663 (Tex. 1987) (nonresident has "fair warning" that he might be haled into a forum if his "activities [were]

'purposefully directed' to the forum, and . . . the litigation [resulted] from alleged injuries that 'arise out of or relate to those activities'").

## CONCLUSION

Based on the reasons outline above, we conclude that Williams failed to satisfy his burden and the trial court erred in granting the special appearance. We, therefore, reverse the trial court's March 18, 2013 order and remand this matter to the trial court for further proceedings consistent with this opinion.

Patricia O. Alvarez, Justice