**Ex Parte Nicholas R. BALAZIK, Jr.**

No. 2–82–029–CV.

Court of Appeals of Texas,
Fort Worth.

March 11, 1982.
Rehearing Denied April 22, 1982.

Alexander & Tiffany and DeForrest N. Tiffany, Fort Worth, for appellants.

Catherine Adamski, Fort Worth, for appellees.

Before MASSEY, C.J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is an original habeas corpus proceeding. We grant the writ and discharge the relator.

Relator was divorced by written decree signed April 30, 1981.

Relator timely filed a motion for new trial under Tex.R.Civ.P. 329b (1981) and subsequently attempted to withdraw the motion before it was heard.

Whether withdrawal was granted or denied is not clear.

It is undisputed that within 75 days after date of judgment, the trial court conducted a hearing on the motion for new trial, and respondent's reply, making the following docket entry dated July 10:

"Judgment vacated—court is going to reopen testimony on issue of conservatorship matters arising since time of trial and will consider question of property matters arising since time of trial. Temp CS to be $1245/mo. with Pet to receive credit for payment of retirement by Air Force. No change in ad litem. Temp orders as per decree vacated w/exception of military retirement. Hearing set 9:30 a. m. August 3, 1981. Exception noted to court's action. Ad litem for children appeared."

A written order from that docket entry was not signed until July 28, 88 days after the divorce decree.

On August 3, the court heard additional evidence. On September 23, 146 days after the first divorce decree, a second decree was signed.

The September 23 decree orders child support at a higher sum than the April 30 decree.

Relator has paid the support ordered in ·the April 30 decree, but was adjudged in contempt for failing to pay $1,545.20 of the child support ordered in the second decree.

The trial court ordered relator confined in the Tarrant County jail for a period of fifty-one days and thereafter until the $1,545.20 child support, plus costs of court and attorney fees are paid.

This court ordered relator's release upon bail pending hearing of his petition for writ of habeas corpus.

Relator asserts that the April 30 judgment became final 75 days after its date, because the trial court failed to sign a written order determining his motion for new trial within the 75 days allowed by Rule 329b.

Subdivisions (c) and (e) of the rule provide:

"(c) In the event an original or amended motion for new trial is not *determined by*

*written order signed within seventy-five days after the judgment is signed*, it shall be considered overruled by operation of law on expiration of that period.

\* \* \* \* \* \*

"(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has *plenary power* to grant a new trial or to vacate, modify, correct, or reform the judgment *until thirty days after all such timely-filed motions are overruled*, either by a written and signed order or by operation of law, whichever occurs first." (Emphasis added).

Respondent contends that (a) the July 10 docket entry was within 75 days after judgment, and (b) the July 28 written order granted the motion for new trial and reformed the April 30 judgment within the court's thirty day plenary power.

Timing alone, however, does not determine the effectiveness of the actions taken by the trial court on July 10 and 28.

■ To be effective, a trial court action which vacates, sets aside, modifies, or amends its previous order must be within the time period allowed by the Rules of Civil Procedure *and* must be done by a written order which is express and specific. *McCormack v. Guillot*, 597 S.W.2d 345 (Tex. 1980); *Poston Feed Mill Company v. Leyva*, 438 S.W.2d 366 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd.).

The trial court's July 28 order is as follows:

#### "ORDER

"On the 10th day of July, 1981, Respondent, AZALEA LEROYCE BALAZIK: Petitioner, NICHOLAS R. BALAZIK, JR.; and MINOR CHILDREN appeared by attorney and announced ready for trial.

"The Court, having examined the pleadings and heard the evidence and argument of counsel regarding Petitioner's Motion for New Trial and Defendant's Answer to Motion for New Trial, finds that this court has jurisdiction of all the parties and subject matter of this cause.

"IT IS ORDERED that this Court will redetermine the issue of custody, hearing evidence and argument on the issue since November 10, 1980; and argument on property division. This hearing will be held on August 3, 1981, at 9:30 a. m.

"IT IS ORDERED that THOMAS WILSON LOWE be re-appointed Attorney ad Litem for the minor children of the parties.

"IT IS ORDERED that NICHOLAS R. BALAZIK, JR., pay to AZALEA LEROYCE BALAZIK child support in the amount of $1,245.00 per month with the first payment being due and payable on the 15th day of July, 1981, and a like payment being due and payable on the same day of each month until further order of this Court.

"IT IS ORDERED that any payments from Air Force Retirement received by Respondent after July 10, 1981, will be applied toward the above-ordered child support.

"IT IS FURTHER ORDERED that in all other respects, the Order of September 2, 1980 is reinstated.

"SIGNED this 28 day of JULY, 1981.

/s/ JOHN HILL

JUDGE PRESIDING"

■ A docket entry does not *determine* a motion for new trial within the meaning of Rule 329b. *McCormack, supra.*

■ Although the July 28 order was signed during the 30 days of plenary power vested in the court, we hold that the order is not an express and specific determination of the motion for new trial nor does it expressly and specifically vacate, set aside, modify, or amend the original divorce decree of April 30.

The July 28 order does not identify or mention the April 30 decree. The only finding in the July 28 order is that the court has jurisdiction of the parties and subject matter.

The applicable rationale is clearly stated in *Poston Feed Mill, supra,* at page 369 of the opinion:

"Of necessity, a court must speak through its written orders. Where it has so spoken only a clear and unequivocal written order or expression by that court will vacate, set aside, modify or amend its first order. Any other rule would be the parent of uncertainty for the orders of any court."

We conclude that the trial court did not determine the motion for new trial or vacate, set aside, modify, or amend the April 30 decree by express and specific written order before the court's plenary power expired.

After a trial court's plenary power has expired, it has no jurisdiction to vacate or change its original judgment except by bill of review. Rule 329b(f); *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex.1974).

We hold that the second decree dated September 23 was beyond the court's jurisdiction and is null and void. *Poston Feed Mill, supra.*

■ A court has no power to punish as contempt a party's disregard of an order the court had no authority to make. *Ex Parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (1958); *Ex Parte Henry,* 147 Tex. 315, 215 S.W.2d 588 (1948); *Ex Parte Jabara,* 556 S.W.2d 592 (Tex.Civ.App.—Dallas 1977, no writ); *McCullough v. McCullough,* 483 S.W.2d 869 (Tex.Civ.App.—Tyler 1972, no writ).

We hold that the order of contempt and commitment is void.

Relator's petition is granted, and he is discharged from custody.