Pastor Wilbert Antonio COLEMAN,
Appellant,

v.

SITEL CORP., Appellee.

No. 04–99–00681–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 9, 2000.

From the County Court at Law Number 5, Bexar County, Joe E. Briscoe,[1] Judge.

Wilbert Antonio Coleman, San Antonio, pro se.

Moulton S. Dowler, Jr., Raul M. Calderon, Gresham, Davis, Gregory, Worthy & Moore, P.C., San Antonio, David D. Gale, Mark E. McQueen, Berens & Tate, P.C., Omaha, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

This case presents a unique blend of procedural questions involving a default judgment for one party and a subsequent order of dismissal for the other party. The trial court rendered a default judgment against Sitel Corporation ("Sitel) even though Sitel had answered in a timely fashion. Apparently having second thoughts, the trial court at a later date entered a dismissal order in favor of Sitel. Unfortunately, the dismissal order was entered more than thirty days after the default judgment was granted (June 6–July 13, 1999). The trial court's order of dismissal occurred after the trial court's plenary jurisdiction expired. We vacate the order of dismissal. We are unable to address the propriety of the default judgment because we have no jurisdiction to do so.

### BACKGROUND

Sitel terminated Pastor Wilbert Antonio Coleman ("Coleman") from its employment in 1998 because of his alleged absenteeism. Sitel allegedly paid Coleman his final wages eight days late, which Coleman said violated the Texas Labor Code. *See generally* TEX. LAB.CODE ANN. § 61.014 (Vernon 1996). Coleman filed suit against Sitel later that year. Coleman asserted that his family suffered "great economic and mental anguish damages" and requested relief for "economic damages, mental anguish damages [and] an administrative penalty for bad faith ... plus cost and 10% interest."

Among its other pleadings, Sitel timely filed an original answer to Coleman's "complaint," an answer to his amended "complaint," and an amended answer to Coleman's amended pleadings. Coleman later filed a motion for default judgment against Sitel. The trial court granted the motion on June 6, 1999.[2] Sitel filed a

---

1. The Honorable Joe E. Briscoe signed the order of dismissal in favor of Sitel, from which Coleman appeals. The Honorable Shay Gebhardt signed the default judgment in favor of Coleman, of which Sitel complains on appeal.

2. We note the file stamp on the default judgment is June 3, 1999 and that the trial court

motion to dismiss for lack of jurisdiction on July 12, 1999, arguing that Coleman did not exhaust his administrative remedies in complaining of Sitel's alleged late payment of wages; the trial court granted Sitel's motion on July 23, 1999.

■ Because Coleman timely filed a notice of appeal following the trial court's order of dismissal, we have jurisdiction over his appeal. *See State v. Owens,* 907 S.W.2d 484, 485 (Tex.1995) (per curiam). On appeal, Sitel complains that the trial court's entry of default judgment was improper.

### WAS THE ORDER OF DISMISSAL PROPER?

#### 1. *Standard of Review*

■ A trial court's lack of jurisdiction over the subject matter is fundamental error. *See Rogers v. Clinton,* 794 S.W.2d 9, 11 (Tex.1990) (orig.proceeding). Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). The trial court's lack of subject matter jurisdiction "must be noted and reviewed by the appellate court at any time it appears." W. Wendell Hall, *Standards of Review in Texas,* 29 ST. MARY'S L.J. 351, 373 (1998). In the present case, neither party mentions the possibility that the trial court's dismissal was improper because of a lack of jurisdiction.

#### 2. *Expiration of Trial Court's Plenary Power*

■ "The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed." TEX.R. CIV. P. 329b(d). In the

present case, the trial court signed the order of dismissal on July 23, 1999, more than thirty days after it signed the default judgment. Because Sitel filed the motion to dismiss on July 12, 1999 (after the trial court's plenary power expired), we cannot consider whether this motion would act to extend the trial court's plenary jurisdiction over this case. *See id.* 329b(c).

■ We conclude that the trial court did not rule on the motion to dismiss before the court's plenary power expired. *See Ex parte Balazik,* 631 S.W.2d 198, 200 (Tex.App.-Fort Worth 1982, no writ). After the trial court's plenary power expired on July 7, 1999, the court had no jurisdiction to vacate or change the result rendered by its default judgment except by a bill of review. *See id.; see also* TEX.R. CIV. P. 329b(f); *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633, 636–37 (Tex.1974). We hold that the order granting dismissal dated July 23, 1999 was beyond the court's jurisdiction and is void. *See Balazik,* 631 S.W.2d at 200. We vacate the trial court's order dismissing the case. *See Owens,* 907 S.W.2d at 486 (declaring an order that was signed after the trial court's plenary jurisdiction expired to be void); *see also In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998) (per curiam) (vacating an order that the court found to be void).

### WAS THE DEFAULT JUDGMENT PROPER?

On appeal, Sitel complains that the entry of default judgment was improper because it had previously filed an original answer, an answer to Coleman's amended "complaint," and an amended answer to the amended "complaint." The first and third answers contained general denials.[3] Sitel also complains about irregularities in service of both the motion for default judg-

---

signed the order on June 6, 1999, a Sunday. We cannot explain this occurrence. Even if we conclude that the judgment date should be construed as June 7, 1999, our result is the same.

3. Sitel argues that it had three general denials on file; our review of the record indicates that one of the pleadings contains only the caption "GENERAL DENIAL" without additional language.

ment and the judgment itself. These may, or may not, be valid points.

 We cannot address Sitel's complaint regarding the trial court's entry of default judgment. "An order which purports to dispose of all issues and all parties ... is a final appealable order." *Owens*, 907 S.W.2d at 485. When Sitel did not file a notice of appeal in a timely fashion after the trial court's default judgment, it became final. *See id.* Sitel is not without further remedy, though. An aggrieved defendant may, among other options, attack a default judgment by filing a bill of review. *See id.* at 486; *see also In re Barber*, 982 S.W.2d 364, 368 (Tex.1998) (noting also the option of attacking a default judgment by a restricted appeal).

## CONCLUSION

We vacate the trial court's order of dismissal. We do not address the propriety of the trial court's default judgment entered against Sitel.