NUMBER 13-99-186-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SOUTHWESTERN BELL MOBILE SYSTEMS, INC.
, Appellant,


v.



ODILIA FRANCO
, Appellee.

___________________________________________________________________


On appeal from the 214th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Chavez and

Rodriguez

Opinion by Justice Rodriguez




 Southwestern Bell Mobile Systems, Inc. (SBMS), appeals from an
enforcement order reinstating Odilia Franco to her position with SBMS,
and ordering SBMS to pay Franco's salary from January 15, 1995, until
the date of her reinstatement. We reverse and remand with instructions
for the trial court to vacate its void order.

 Franco sued SBMS after she was discharged, allegedly in
retaliation for complaining of sexual harassment. A trial court rendered
judgment in favor of Franco on April 3, 1995, awarding her damages in
tort and ordering SBMS to "reinstate Odilia Franco effective January 15,
1995, to the position of collection representative in Corpus Christi,
Texas at a salary of $16,973.00." The judgment was eventually
appealed to the Texas Supreme Court, which reversed the award of
damages, but affirmed the portion of the judgment ordering SBMS to
reinstate Franco. Southwestern Bell Mobile Systems, Inc. v. Franco,
971 S.W.2d 52, 53 (Tex. 1998). No supersedeas bond was posted by
SBMS during the pendency of this original appeal. On February 2,
1999, Franco filed a motion to enforce the judgment. According to the
motion, she returned to work on October 9, 1998. Franco requested
pay due from January 15, 1995, the date ordered in the judgment, to
October 9, 1998, the date of actual reinstatement. The court held a
hearing on the motion on February 19, 1999. On March 12, 1999, the
trial court entered an order granting Franco's motion to enforce the
judgment, which ordered SBMS to reinstate Franco and to pay her
$16,973.00 per year from January 15, 1995 until the date of
reinstatement. 

 We must address unassigned jurisdictional error. A trial court's
lack of jurisdiction over the subject matter is fundamental error. Rogers
v. Clinton, 794 S.W.2d 9, 11 (Tex. 1990) (orig. proceeding); Coleman v.
Sitel Corp., 21 S.W.3d 411, 413 (Tex. App.--San Antonio 2000, no pet.). 
Lack of subject matter jurisdiction "must be noted and reviewed by the
appellate court at any time it appears." W. Wendell Hall, Standards of
Review in Texas, 29 St. Mary's L.J. 351, 373 (1998); see also Coleman,
21 S.W.3d at 413. 

 A trial court retains the inherent power to enforce its judgments. 
Arndt v. Farris, 633 S.W.2d 497, 499 (Tex.1982); cf. Tex. R. Civ. P. 308
("the court shall cause its judgments and decrees to be carried into
execution"). A trial court does not, however, have authority to modify
a judgment after the expiration of its plenary power. See Tex. R. Civ. P.
329b. Rule 329b (d) of the Texas Rules of Civil Procedure provides that
a trial court, "regardless of whether an appeal has been perfected, has
plenary power to grant a new trial or to vacate, modify, correct, or
reform the judgment until thirty days after all such timely-filed motions
are overruled, either by a written and signed order or by operation of
law, whichever occurs first." Tex. R. Civ. P. 329(b). 

 In this case, the trial court modified the 1995 judgment by its
1999 order awarding front pay after the expiration of the court's plenary
power. 

 Front pay has been defined as "an affirmative order designed to
compensate the plaintiff for economic losses that have not occurred as
of the date of the court decree, but that may occur as the plaintiff works
towards his or her rightful place." Sellers v. Delgado Community
College, 839 F.2d 1132, 1141 (5th Cir.1988); see Stanley Stores, Inc. v.
Chavana, 909 S.W.2d 554, 561 (Tex. App.--Corpus Christi 1995, pet.
denied) ("[f]ront pay has been characterized as an extension of a
defendant's back pay liability until the employer makes an offer of
reinstatement") (citing Johnson v. Chappel Hill Indep. Sch. Dist., 853
F.2d 375, 383 (5th Cir. 1998)); Wal-Mart Stores, Inc. v. Davis, 979
S.W.2d 30, 45 (Tex. App.--Austin 1998, pet. denied) (front pay refers to
future lost earnings) (citing Borg-Warner Protective Services Corp. v.
Flores, 955 S.W.2d 861, 867 (Tex. App.--Corpus Christi 1997, no pet.),
and Hansard v. Pepsi-Cola Metro. Bottling Co., 865 F.2d 1461, 1469
(5th Cir.), cert. denied, 493 U.S. 842 (1989)) (emphasis added). Black's
Law Dictionary defines front wages as a "[t]ype of prospective
compensation paid to a victim of job discrimination without harm to
incumbent employees until the victim achieves the position that he
would have attained but for the illegal and discriminatory act." Black's
Law Dictionary 461 (6th ed. 1990) (emphasis added). To recover front
pay, a plaintiff must show that reinstatement is not feasible as a
remedy. Hansard, 865 F.2d at 1469. Front pay is available as equitable
relief in lieu of reinstatement. Cox & Smith, Inc. v. Cook, 974 S.W.2d
217, 227 (Tex. App.--San Antonio 1998, pet. denied) (citing City of
Austin v. Gifford, 824 S.W.2d 735, 743-44 (Tex. App.--Austin 1992, no
writ)).

 Here, the court rendered judgment on April 3, 1995, ordering
SBMS to reinstate Franco effective January 15, 1995, to the position of
collection representative at a salary of $16,973.00. Because the 1995
judgment ordered Franco reinstated retroactively at a specified salary,
it necessarily included back pay until the date of the judgment. The
judgment did not, however, include a prospective award of pay from
the date of the judgment until the date of reinstatement. Indeed, by
awarding reinstatement in the 1995 judgment, the trial court
necessarily elected not to award front pay. See id. 

 The trial court's 1999 order awarding Franco pay from the date of
the 1995 judgment until the date of reinstatement was a prospective
award of damages from the date of the original judgment. 
Consequently, the court's 1999 order modified the 1995 judgment. The
court lacked jurisdiction to modify the 1995 judgment, as the 1999
order was well after the expiration of its plenary power. Once a trial
court's plenary power has expired, it has no jurisdiction to modify or
change its original judgment except by bill of review. Moore v. Brown,
993 S.W.2d 871, 874 (Tex. App.--Fort Worth 1999, pet. denied); Ex
parte Balazik, 631 S.W.2d 198, 200 (Tex. App.--Fort Worth 1982, no
writ). An order modifying a judgment after the expiration of the trial
court's plenary power is void. Lundy v. Lundy, 973 S.W.2d 687, 688
(Tex. App.--Tyler 1998, pet. denied) ("[A] court may not set aside or alter
a judgment after the expiration of its plenary power, and an[y] order
attempting to do so is void."). Because of the disposition of this issue,
we need not address SBMS's issues. Tex. R. 



App. P. 47.1. Accordingly, we REVERSE the judgment of the trial court
and REMAND the cause with instructions for the trial court to vacate its
void order. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 30th day of November, 2000.