COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-187-CV

 

 

WILBERT L. CLEWIS, SR.                                                      APPELLANT

 

                                                   V.

 

SAFECO INSURANCE COMPANY                                              APPELLEE

OF AMERICA

                                              ------------

 

            FROM THE 96TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                            Introduction








Appellant Wilbert L. Clewis, Sr. appeals the
trial court=s denial of his motion to vacate
the judgment it signed in September 2000. 
In three related issues, Clewis asserts that the judgment is void
because of the parties= failure to comply with
statutory and administrative requirements concerning workers=
compensation suits.  We conclude that the
judgment is not void and that Clewis filed his motion to vacate after the trial
court=s
plenary power expired; we therefore dismiss this appeal for want of
jurisdiction.

                                        Background
Facts

In 1999, Clewis filed suit against appellee
Safeco Insurance Company of America (Safeco), seeking reversal of a final
decision of the Texas Workers=
Compensation Commission (TWCC)[1]
regarding injuries he suffered in a truck accident during his employment with
Allied Waste Industries.[2]  In 2000, after the trial court denied Clewis=s motion
for summary judgment, the TWCC intervened in the suit, asking the trial court
to affirm the TWCC=s decision.








Later that year, the trial court held a bench
trial on the merits of Clewis=s
claims.  At trial, Clewis, Safeco, and
the TWCC all appeared and announced ready.[3]  After hearing evidence and argument and after
taking the case under advisement, on September 18, 2000, the trial court signed
a final judgment affirming the TWCC=s
administrative decision.  Clewis appealed
the trial court=s judgment; in 2002, we affirmed
that judgment.  See Clewis, No.
02-00-00308-CV, slip op. at *22.

Over five years later, on December 31, 2007,
Clewis filed a motion to vacate the judgment with the trial court, contending
that it is void because the parties failed to follow statutory and
administrative procedures relating to the TWCC=s right
to notice of the proposed judgment.  See
Tex. Lab. Code Ann. ' 410.258 (Vernon 2006); 28
Tex. Admin. Code ' 147.11 (1996) (TWCC,
Notification of Commission of Proposed Judgments and Settlements).  In April 2008, after the trial court
conducted a brief hearing, it denied Clewis=s motion
to vacate.  Clewis appeals that denial.

                   Statutory
and Administrative Notice Requirements

Because Clewis=s three
issues and the notice provisions he relies upon are related, we will consider
the issues together.  In regard to a suit
seeking judicial review of a workers=
compensation determination, section 410.258 of the labor code states,








(a)     The party who initiated a proceeding under
this subchapter or Subchapter G must file any proposed judgment or
settlement made by the parties to the proceeding, including a proposed
default judgment, with the division not later than the 30th day before the date
on which the court is scheduled to enter the judgment or approve the
settlement.  The proposed judgment or
settlement must be mailed to the division by certified mail, return receipt
requested.

 

(b)    The division may intervene in a proceeding
under Subsection (a) not later than the 30th day after the date of receipt of
the proposed judgment or settlement.

 

(c)     The commissioner shall review the proposed
judgment or settlement to determine compliance with all appropriate provisions
of the law.  If the commissioner
determines that the proposal is not in compliance with the law, the division
may intervene as a matter of right in the proceeding not later than the 30th
day after the date of receipt of the proposed judgment or settlement.  The court may limit the extent of the
division=s intervention to
providing the information described by Subsection (e).

 

(d)    If the division does not intervene before
the 31st day after the date of receipt of the proposed judgment or settlement,
the court shall enter the judgment or approve the settlement if the court
determines that the proposed judgment or settlement is in compliance with all
appropriate provisions of the law.

 

(e)     If the division intervenes in the
proceeding, the commissioner shall inform the court of each reason the
commissioner believes the proposed judgment or settlement is not in compliance
with the law.  The court shall give full
consideration to the information provided by the commissioner before entering a
judgment or approving a settlement.

 

(f)     A judgment entered or settlement approved
without complying with the requirements of this section is void.

 








Tex. Lab. Code Ann. ' 410.258
(emphasis added); see id. ' 410.251
(Vernon 2006).  Similarly, title 28,
section 147.11 of the administrative code states,

(a)     The party who requested judicial review
under Chapter 410, Subchapter F or G shall file a copy of any proposed
judgment or settlement with the executive director of the Commission by
filing it with the General Counsel of the Commission not later than the 30th
day before the date on which the court is scheduled to enter the judgment or
approve the settlement.  A proposed
judgment or settlement must be sent by certified mail return receipt requested.

 

(b)    The insurance carrier or its representative
shall file with the General Counsel of the Commission a copy of a final
judgment or settlement not later than the 10th day after a court approves
the agreement or settlement.

 

(c)     For suits seeking judicial review filed
under Chapter 410, Subchapter F (regarding Judicial Review General Provisions)
or Subchapter G (regarding Judicial Review of Issues Regarding Compensability
or Income or Death Benefits), on or after September 1, 1997, a judgment or
settlement which is not filed with the commission in compliance with subsections
(a) and (b) of this section is void.

 

(d)    A party who violates this section may be
subject to an administrative penalty, including a penalty of up to $1,000
pursuant to the Texas Labor Code, ' 415.0035 or up to $10,000 pursuant to the Texas
Labor Code, ' 415.021 for repeated
violations.

 

28 Tex. Admin. Code ' 147.11
(emphasis added).

                                               Analysis








Clewis contends that the parties did not comply
with either of the provisions described above, that the trial court=s
judgment is therefore void, and that as a result, the court improperly denied
his motion to vacate the judgment. 
Therefore, we must initially decide whether these notice provisions
apply to this case because that will determine whether the 2000 judgment is
void.  Furthermore, we must address our
jurisdiction over this appeal, which necessarily first requires us to determine
whether the trial court had jurisdiction to vacate its judgment that was
affirmed by us five years earlier.

Standard of review

When deciding issues related to statutory
construction, we apply a de novo standard of review, Aascertaining
and giving effect to the legislature=s intent
as expressed by the plain and common meaning of the statute=s words.@  Wichita County v. Bonnin, 268 S.W.3d
811, 817 (Tex. App.CFort Worth 2008, pet. denied); see
Tex. Dep=t of Transp. v. City of Sunset
Valley, 146 S.W.3d 637, 642 (Tex. 2004). 
We assume that the legislature tried to say what it meant and, thus,
that its words are the surest guide to its intent.  Bonnin, 268 S.W.3d at 817.  Every word of a statute is presumed to have
been used for a purpose; every word excluded from a statute must also be
presumed to have been excluded for a purpose. 
Gray v. Nash, 259 S.W.3d 286, 291 (Tex. App.CFort
Worth 2008, pet. denied).








In ascertaining legislative intent, we do not
confine our review to isolated statutory words, phrases, or clauses, but we
instead examine the entire act.  Id.  We may also consider the statute=s
objectives, common law, former law, similar provisions, and the consequences of
the statutory construction.  Bonnin,
268 S.W.3d at 817; see City of Sunset Valley, 146 S.W.3d at 642.

The statutory and
administrative requirements= application to the trial court=s judgment 

 








The Austin Court of Appeals recently examined the
application of section 410.258 to proposed judgments entered after the
completion of adversarial proceedings.  See
Tex. Prop. & Cas. Ins. Guar. Ass=n for
Petrosurance Cas. Co. v. Brooks, 269 S.W.3d 645, 648 (Tex. App.CAustin
2008, no pet.).  In Brooks,
the plaintiff (Brooks) filed suit in district court seeking reversal of the
TWCC=s denial
of benefits following his car accident.  Id.
at 647.  After Brooks prevailed in
summary judgment proceedings, the employer contended on appeal that the trial
court=s
judgment was void because the parties did not comply with section 410.258 by
timely submitting the proposed judgment to the TWCC.  Id. at 647B48.  Brooks argued that section 410.258 does not
apply to judgments prepared by the trial court following adversarial proceedings
and that it instead applies only to judgments resulting from parties=
settlement agreements.  Id. at 648B49; see
Tex. Lab. Code Ann. ' 410.258(a) (applying the
requirements of section 410.258 to Aany
proposed judgment or settlement made by the parties to the proceeding@).  The Austin court explained the contentions of
the parties:

[the employer] contends
that because Aa judgment@ does not distinguish
between proposed judgments Amade by the parties@ and judgments entered by
the trial court that have not been submitted by the parties by agreement, the
legislature intended for the statute to apply to any judgments regardless of
whether they are the result of agreement or the adversarial process.  Brooks responds that, when reading the
statute as a whole, the reference to Aa judgment@ in subsection (f) is limited by subsection (a)
of the statute.  He contends that
the general language of subsection (f) cannot apply to a broader range of
judgments than those contemplated by subsection (a), whichCaccording to BrooksCapplies only to proposed
judgments Amade by the parties.@

 

Brooks, 269 S.W.3d at 649.  The Austin court sided with Brooks, holding
and explaining that

the legislature did not
intend that the statute apply to judgments entered by the trial court that were
not submitted or proposed to the court by agreement of the parties or the
result of a default by the defendant. 
The statute was intended to prevent the parties from colluding to
overturn appeals panel decisions.  It
accomplishes this purpose by requiring submission of judgments Amade@ by the partiesCi.e. judgments proposed
to the court by agreement of the parties rather than judgments entered as a
result of adversarial proceedings.  If,
however, the statute were to apply to any judgment, a strict reading of the statute
would require a trial court to figure out a way to get the party who initiated
the action to submit the judgment the court is preparing to enter to the [TWCC]
for approval thirty days in advance of entry in every case.

 

 . . . . 

 








We conclude that section 410.258 does not require the [TWCC] to
receive advance notice of every judgment in a proceeding initiated under
subchapter F or G of the labor code. 
Instead, we are of the opinion that the statute requires the [TWCC] to
receive notice of proposed judgments Amade by the parties@Ci.e. without judicial
oversight or without fully adversarial proceedingsCand settlement agreements
made by the parties. 
This interpretation ensures that the trial court does not sign off
on a proposed judgment made or agreed to by the parties before the [TWCC] has
been notified and given an opportunity to intervene.  Additionally, this interpretation does not
place impractical procedural burdens on the trial court or permit a party who
initiated the proceeding to avoid or delay entry of an adverse judgment by
refusing to submit the judgment to the [TWCC]. 
This interpretation also gives meaning to the phrase Amade by the parties@ that is consistent with
the purpose of the statute.

 

Id. at 650B51 (footnotes omitted).[4]

 













We have not expressly considered the issue of
section 410.258=s application to judgments
entered following completion of fully adversarial proceedings.  After examining the legislature=s intent
as expressed in the words of the statute, we agree with the Austin court that section
410.258 applies only to judgments resulting from defaults or parties=
agreements or settlements.  See id.  Specifically, like the Austin court, we
conclude and hold that the language contained in section 410.258(a)Capplying
the section to Aany proposed judgment or
settlement made by the parties to the proceeding, including a proposed default
judgment@Cexpressed
the legislature=s intention that the TWCC
receive notice of judgments made without judicial oversight or without fully
adversarial proceedings.  See  Tex. Lab. Code Ann. '
410.258(a); Brooks, 269 S.W.3d at 651.[5]  We likewise conclude that the related
provision of the administrative code applies only to judgments entered apart
from completed adversarial proceedings because its terms limit the provision to
a Aproposed
judgment or settlement@ and to a court=s
approval of an Aagreement or settlement.@  28 Tex. Admin. Code '
147.11(a), (b); see Cheatum v. Tex. Workers= Comp.
Comm=n, No. 05‑98‑00846‑CV,
2001 WL 100194, at *2 (Tex. App.CDallas
Feb. 7, 2001, no pet.) (not designated for publication) (AIn the
case at bar, no agreement or settlement was reached; therefore, [section]
147.11 does not apply.@).

As described above, the trial court=s
judgment in this case followed a contested trial in which Clewis, Safeco, and
the TWCC all made appearances and participated in the trial.  Thus, we conclude that neither section 410.258
of the labor code nor title 28, section 147.11 of the administrative code apply
to the judgment and that it is therefore not void.

                                             Jurisdiction








When the trial court loses plenary power over a
judgment, it also generally lacks the authority to vacate the judgment.  See Tex. R. Civ. P. 329b(f); DeGroot
v. DeGroot, 260 S.W.3d 658, 662 (Tex. App.CDallas
2008, no pet.) (explaining that Aplenary
power to grant a new trial or to vacate, modify, correct, or reform a judgment
is limited to a maximum of one hundred and five days after the judgment is
signed@).  Proceedings related to the trial court=s
judgment after its plenary power has expired are generally beyond the trial
court=s
jurisdiction.  See In re Dickason,
987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); Coleman v. Sitel Corp.,
21 S.W.3d 411, 413 (Tex. App.CSan
Antonio 2000, no pet.) (holding that after the trial court=s
plenary power expired, the court had no jurisdiction to change or vacate its
judgment); Moore v. Brown, 993 S.W.2d 871, 874 (Tex. App.CFort
Worth 1999, pet. denied) (stating that once Aa trial
court=s
plenary power has expired, it has no jurisdiction to modify or change its
original judgment except by bill of review@); see
also State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995) (AJudicial
action taken after the court=s
jurisdiction over a cause has expired is a nullity.@).  Here, the trial court entered its final
judgment in September 2000; its plenary power to change or vacate the judgment
had therefore expired well before Clewis filed his motion to vacate.  See generally Tex. R. Civ. P. 329b; DeGroot,
260 S.W.3d at 662.








We are without jurisdiction to review a motion to
vacate filed in the trial court after that court=s
plenary power has expired.  See Shackelford
v. Barton, 156 S.W.3d 604, 607 (Tex. App.CTyler
2004, pet. denied) (explaining that an Auntimely
motion to set aside a judgment provides no basis for consideration on appeal@); Zarate
v. Sun Operating Ltd., 40 S.W.3d 617, 623 (Tex. App.CSan
Antonio 2001, pet. denied); Bahr v. Kohr, 928 S.W.2d 98, 100 (Tex. App.CSan
Antonio 1996, writ denied) (noting that an Aappellate
court=s
jurisdiction extends no further than the jurisdiction of the trial court@).  Because we hold that the trial court=s
September 2000 judgment is not void[6]
and that the trial court did not have plenary power over that judgment when
Clewis filed his motion to vacate the judgment in 2007, we accordingly do not
have jurisdiction over this appeal, which relates to the proper denial of that
motion.  See Shackelford, 156
S.W.3d at 607; Bahr, 928 S.W.2d at 100.

                                             Conclusion


Having determined that we lack jurisdiction over
this appeal, we dismiss the appeal for want of jurisdiction.[7]

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 

DELIVERED:  March 19, 2009











[1]In 2005, the legislature
renamed the TWCC as the Division of Workers= Compensation of the Texas Department of
Insurance.  See Combined Specialty
Ins. Co. v. Deese, 266 S.W.3d 653, 656 n.1 (Tex. App.CDallas 2008, no
pet.).  Because the events relevant to
this appeal occurred before 2005, and for the purposes of simplicity and
consistency, we will use the TWCC moniker in this opinion.





[2]Clewis contended that the
TWCC incorrectly determined that he had reached maximum medical improvement and
that it erred in its determination of his impairment rating.  See Clewis v. Safeco Ins. Co. of Am. &
Tex. Workers= Comp. Comm=n, No. 02-00-00308-CV,
slip op. at *1, *18B20 (Tex. App.CFort Worth Feb. 14, 2002,
pet. denied) (not designated for publication). 
Our opinion in Clewis=s previous appeal in this case details the facts
of his accident and the history of his administrative and judicial proceedings;
thus, we will set forth only a brief summary of the facts in this opinion
concerning the issues particularly raised in this appeal.





[3]These appearances are
reflected in the trial court=s judgment.





[4]The court recognized that
its holding conflicted with an opinion from the El Paso Court of Appeals, which
applied section 410.258 to a summary judgment. 
Brooks, 269 S.W.3d at 651; see Ins. Co. of Pa. v. Martinez,
18 S.W.3d 844, 848 (Tex. App.CEl Paso 2000, no pet.); see also S. Ins. Co.
v. Brewster, 249 S.W.3d 6, 12B14 (Tex. App.CHouston [1st Dist.] 2007, pet. denied) (likewise
applying section 410.258 to a summary judgment).  The El Paso court recognized, however, that
the purpose of section 410.258 is to Aprevent the use of settlement agreements and
default judgments to overturn appeals panel decisions.@  Martinez, 18 S.W.3d at 847.





[5]Our conclusion is
strengthened by legislative history.  The
senate research center=s analysis of the bill
creating section 410.258 explained its purpose:

 

Chapter 410 of the Labor
Code currently allows insurance carriers engaged in a workers= compensation lawsuit to
settle their case and then claim that the settlement agreement reverses or
modifies an appeals panel decision awarding benefits.  Carriers also use judgments based on default
or on an agreement of the parties to accomplish the same end.  Additionally, carriers sometimes attempt to
use these settlement agreements and judgments to seek reimbursement through the
Subsequent Injury Fund for any benefits they may have provided to a
claimant.  This proposed legislation
prevents both of these practices.

 

. . . .

 

[The bill] would prevent
the use of settlement agreements, and judgments based on default or on an
agreement of the parties, to overturn appeals panel decisions.

 

Senate Research Ctr.,
Bill Analysis, Tex. H.B. 3137, 75th Leg., R.S. (1997).





[6]The Houston [First
District] Court of Appeals has held that a trial court=s plenary power does not
expire when a judgment is void under section 410.258 because a trial court does
not have jurisdiction to sign any judgment in violation of that section.  Metro. Transit Auth. v. Jackson, 212
S.W.3d 797, 803B04 (Tex. App.CHouston [1st Dist.] 2006,
pet. denied) (concluding that the trial court=s judgment, which was
based on an agreement of the parties, was void).





[7]See Tex. R. App. P. 42.3(a).