**REVERSED and VACATED; and Opinion Filed April 3, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00351-CV

### IN THE INTEREST OF M.A.C. AND M.T.C.

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-50420-2012**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

In this divorce proceeding, Appellant ("Father") contends that the trial court lacked jurisdiction to render a First Amended Final Decree of Divorce on January 22, 2014. We agree that the First Amended Final Decree of Divorce was rendered after the trial court's plenary jurisdiction expired. We reverse and vacate the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Appellee ("Mother") filed an original petition for divorce in 2012. The matter was tried before the court, and the trial court rendered a Final Decree of Divorce on August 28, 2013. On September 6, 2013, Mother filed both a motion for new trial and a motion to modify, reform, and correct the judgment. The clerk's record does not contain an order on either motion. Instead, the record contains a "First Amended Final Decree of Divorce" (the "First Amended Decree") which

recites, "Judgment rendered on July 15, 2013, but signed on January 22, 2014." Father filed a motion for new trial on January 27, 2014, alleging that the trial court's plenary power had expired at the time the First Amended Decree was rendered.[1] The trial court did not rule on this motion. This appeal followed.

## STANDARD OF REVIEW

Whether the trial court properly exercised its plenary power is a question of law we review de novo. *See Coleman v. Sitel Corp.*, 21 S.W.3d 411, 413 (Tex. App.—San Antonio 2000, no pet.) (question of trial court's jurisdiction to vacate judgment after plenary power expired was question of law reviewed de novo).

## DISCUSSION

In three issues, Father contends the trial court erred by rendering the First Amended Decree after the trial court's plenary power had expired; by rendering the First Amended Decree when no new trial actually occurred; and by failing to enter findings of fact and conclusions of law relating to the First Amended Decree after his timely request.

A trial court retains plenary jurisdiction over a case for thirty days after signing the judgment. TEX. R. CIV. P. 329b(d). During those thirty days, any party may file a motion for new trial or a motion to modify, correct, or reform a judgment. TEX. R. CIV. P. 329b(a), (g); *see also Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 301 (Tex. 2000). Here, Mother timely filed motions for new trial and to modify the judgment. The record does not contain a written order from the trial court on either motion. Mother contends the trial court granted her motion to modify the judgment in a hearing on September 26, 2013. However, there is no written order reflecting this ruling until the trial court's January 22, 2014 First Amended

---

[1] The record also reflects that on December 19, 2013, Father filed a motion to transfer the case to Denton County, and the trial court granted this motion by written order on January 31, 2014.

Decree. Rule 329b(c) requires a written order to grant a new trial or to modify, correct, or reform a judgment. *In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) (orig. proceeding).

Without a written order, the motions were overruled by operation of law on November 11, 2013, seventy-five days after the judgment was signed. TEX. R. CIV. P. 329b(c). The filing of the motions extended the court's plenary power until thirty days after the motions were overruled by operation of law. TEX. R. CIV. P. 329b(e). Thus, the trial court retained its plenary power until December 11, 2013, one hundred and five days after the judgment was signed. The trial court's First Amended Decree signed on January 22, 2014, forty-two days after the expiration of the trial court's plenary power, was void for lack of jurisdiction. *See In re Green*, No. 05-13-00062-CV, 2013 WL 1274711, at *1–2 (Tex. App.—Dallas Mar. 22, 2013, orig. proceeding) (mem. op.) (order signed by trial court after its plenary power expired, setting aside final divorce decree and entering "clarified" final decree, was void).

Mother argues that her motion for new trial was "neither considered nor granted"; rather, the court considered and ruled on her motion to modify, reform, or correct the judgment. But the same rule applies to motions to modify under Rule 329b(g) as to motions for new trial under Rule 329b(a); an order granting either must be written and signed. *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (per curiam).

Mother also points to her October 28, 2013 "Motion to Sign First Amended Final Decree of Divorce," heard by the trial court on January 22, 2014. She argues, "[c]learly the Court did not lose its plenary power as there were live pleadings, motions and settings pending during the entire period argued by Appellant." But the parties may not confer jurisdiction on the trial court by agreement. *See Gem Vending, Inc. v. Walker*, 918 S.W.2d 656, 658 (Tex. App.—Fort Worth 1996, orig. proceeding) (parties cannot consent to give trial court more plenary power than it has by rule); *see also In re Lovito-Nelson*, 278 S.W.3d at 775–76 ("bright line" rule requiring written

order necessary, or "all sorts of conduct" could be argued to constitute grant of new trial). We sustain Father's first issue.

## CONCLUSION

Because of our disposition of Father's first issue, we need not reach Father's second and third issues. *See* TEX. R. APP. P. 47.1 (opinion must address issues "necessary to final disposition of the appeal"). We reverse and vacate the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

140351F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF
M.A.C. AND M.T.C.

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-50420-2012.
Opinion delivered by Justice Schenck,
Justices Lang and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and **VACATED**.

It is **ORDERED** that appellant Michael Joseph Cox recover his costs of this appeal from appellee Brenda Jean Cox.

Judgment entered this 3rd day of April, 2015.