**Mandamus Relief Conditionally Granted and Opinion filed March 31, 2020.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00884-CV**

---

**IN RE CIT BANK, N.A., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-11491**

---

## MEMORANDUM OPINION

On November 5, 2019, relator CIT Bank, N.A. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator argues the trial court's July 11, 2019 order vacating an agreed final judgment was signed after the court's plenary power expired and is void for lack of jurisdiction.

Mandamus is appropriate when the trial court issues an order after the expiration of its plenary power. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602,

605 (Tex. 2000). Because an order issued after the expiration of a court's plenary power is void, "the relator need not show it did not have an adequate appellate remedy." *Id.*

The underlying suit was filed by the real party in interest, J.M. Arpad Lamell, against relator for claims related to the servicing of Lamell's home-mortgage loan. On May 16, 2019, the trial court signed an agreed final judgment. The judgment dismissed all claims with prejudice and contains language of finality, stating, "All relief not expressly granted herein is denied. This Order disposes of all parties and all claims and is therefore final." *See Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). On July 11, 2019, the trial court signed an order vacating that judgment.

Relator asserts the trial court's plenary power expired thirty days after the judgment was signed. *See* Tex. R. Civ. P. 329b(d), (e). Lamell argues the trial court's plenary power was extended 30-days to July 15, 2019, by the June 11, 2019 filing of his "Opposition to Motion to Release Funds from ILOTA Account."

A trial court's plenary powers can be extended by timely filing an appropriate post-judgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. *Lane Bank Equip. Co. v. Smith S. Equipment, Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); Tex. R. Civ. P. 329b(g). An "appropriate post-judgment motion" seeks a substantive change in the trial court's judgment. *See Lane Bank*, 10 S.W.3d at 314 ("We accordingly hold that a timely filed post-judgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable.").

Within the thirty-day period after the agreed final judgment was signed, the following occurred:

- On May 24, 2019, a MOTION TO RELEASE FUNDS FROM IOLTA ACCOUNT was filed by Dykema Gossett PLLC ("Dykema"), counsel for Relator;

- On June 11, 2019, Lamell filed an OPPOSITION TO MOTION TO RELEASE FUNDS FROM IOLTA ACCOUNT; and

- On June 13, 2019, a hearing was held at which the trial court stated, "I'm going to vacate -- let us all understand these things to be true: I'm going to vacate the nonsuit or the dismissal."

The funds at issue are checks from Farmers' Insurance settling claims for losses caused by Hurricane Harvey. The checks were made out to Lamell, Ocwen Loan Servicing, LLC, and Chase Bank, N.A. Relator's motion asked to release the funds to Ocwen—the successor to relator as the servicer on the loan.

In his opposition to the motion to release funds, Lamell pointed out the judgment did not address Ocwen's claims to the funds in the IOLTA account. According to Lamell, those claims were not viable based upon statute of limitations. The opposition states it was clear to all parties that those claims had not been resolved and would be the subject of further litigation. Lamell suggested this meant the judgment was not final and asked for a severance. Lamell's opposition did not request the trial court modify, correct, or reform the existing judgment.

In his response to the petition, Lamell refers to his (PROPOSED) ORDER AUTHORIZING RELEASE AND TRANSFER OF INSURANCE SETTLEMENT FUNDS FROM DYKEMA IOLTA ACCOUNT TO

OCWEN/PHH, which was attached to his opposition. The only portion of the order referring to the judgment is as follows:

> 2) The issuance of this ORDER, the subsequent transfer of Proceeds from DYKEMA's IOLTA Trust Account to OCWEN/PHH pursuant to this ORDER, and any subsequent release of Proceeds to Lamell do not indicate, nor do they represent, nor can they be used as evidence indicating or representing:
>
> . . ..
>
> e) that any final determination or adjudication has been made as to the merits of claims, issues, or questions of fact dismissed with prejudice by this Court's final judgment at the conclusion of this action between Lamell and CIT.

This also does not seek to modify, correct, or reform the judgment. Accordingly, it could not operate as a post-judgment motion to extend the trial court's plenary power.

A trial court has plenary power over its judgment until it becomes final. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). The judgment in this case was final as the intent to finally dispose of the case is unequivocally expressed in the words of the order itself. *Lehmann*, 39 S.W.3d at 200.

Whether the trial court still had plenary power when it vacated the judgment on July 11, 2019, is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also Coleman v. Sitel Corp.*, 21 S.W.3d 411, 413 (Tex. App.—San Antonio 2000, no pet.) (question of trial court's jurisdiction to vacate judgment after plenary power expired was question of law reviewed de novo). Because no "appropriate post-judgment motion" seeking a substantive change in the trial court's final judgment was filed,

4

the trial court's plenary power was not extended. *See Lane Bank*, 10 S.W.3d at 314; Tex. R. Civ. P. 329b(g).

The trial court's plenary power began to run on May 16, 2019, when the final judgment was signed. It was not extended by an appropriate post-judgment motion and therefore expired on June 17, 2019 (thirtieth day, June 15, 2019, was a Saturday). *See* Tex. R. Civ. P. 329b(g). The trial court's statement on June 13, 2019, that it was *going to* vacate was made within its plenary power, but it was not vacated until July 11, 2019, after the trial court's plenary power expired. An oral pronouncement is generally ineffective to extend a court's plenary power, unless the oral pronouncement clearly indicates the intent to modify a judgment at the time the words are expressed, making the reduction to writing a mere ministerial act. *See State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015). An oral pronouncement indicating a trial court's intention to render judgment in the future is not a present rendition of judgment. *Id.*

Accordingly, we hold the trial court's July 11, 2019 order is void. On this basis, we grant the requested mandamus relief. compelling respondent to vacate his order of July 11, 2019. The writ will issue only if respondent does not vacate the July 11, 2019 order.


PER CURIAM


Panel consists of Justices Zimmerer, Spain, and Hassan.

5