# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00152-CV

**Evelyn Jones, Appellant**

v.

**Texas Department of Family and Protective Services,
Cardell Jeffrey a/k/a Cardell Jeffery, Michael Pine and
Kerry Jeffrey a/k/a Kerry Raymond, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-FM-04-001703, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

Evelyn Jones appeals from a Travis County district court's order striking and dismissing her petitions to modify orders in two suits (later consolidated) affecting the parent-child relationship. The district court struck and dismissed the pleadings on the ground that they constituted an impermissible collateral attack on a prior final order of a Williamson County court. In five issues, Jones contends that the trial court erred in dismissing her pleadings because: (1) she had standing to file them; (2) the Williamson County court did not have jurisdiction to render the earlier order, making it void and subject to collateral attack; (3) even if her pleadings were filed in the wrong court, they sufficed to put all parties on notice of her intent to seek custody of one of the subject children; (4) one of the orders she sought to modify was not extinguished by the subsequent

marriage of the parents of the subject child; and (5) the trial court should not have proceeded to dispose of motions that were improperly noticed. We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2009, the Texas Department of Family and Protective Services ("the Department") filed a petition in Williamson County seeking conservatorship and termination of parental rights to two children, F.A. and C.A. In its jurisdictional allegations, the Department stated its belief that "no other Court has continuing, exclusive jurisdiction over the children." The Department's petition also stated that it would request that the bureau of vital statistics confirm that the children had not previously been the subject of a suit resulting in a different court's becoming the court of continuing, exclusive jurisdiction. *See* Tex. Fam. Code Ann. § 155.101 (West 2008) (with two exceptions, petitioner or court shall request from bureau of vital statistics identification of court that last had continuing, exclusive jurisdiction). Although judgments involving F.A. and C.A. had in fact previously been rendered by a court in Travis County, the bureau of vital statistics, in response to the Department's request, sent a letter to the Department in August 2009 stating that according to the bureau's central record file, neither F.A. nor C.A. had been the subject of a suit affecting the parent-child relationship (SAPCR) in which a judgment was entered. Consequently, the Department was under the impression that there was no other court that had continuing, exclusive jurisdiction over the children. *See id.* § 155.001(a) (court acquires continuing, exclusive jurisdiction over SAPCR on rendition of final order). However, the Department failed to file with the Williamson County court the letter it received from the bureau of vital statistics. *See id.* § 155.104

2

(if request for information from bureau of vital statistics has been made, court may not render final order until that information is filed with court).

In October 2010, Jones filed a petition in intervention in the Williamson County SAPCR. In the jurisdictional allegations of her petition, Jones recited that the Williamson County court had acquired and retained continuing, exclusive jurisdiction of the SAPCR "as a result of prior proceedings." Jones sought to be appointed sole managing conservator of F.A. and C.A. on the ground that the children's parents had "voluntarily relinquished possession and control of the children to [her] for a period of one year or more, a portion of which was within ninety days preceding the date of intervention," and because it was in the children's best interest for her to be so appointed.

The Department filed a motion to strike Jones's petition for intervention in the Williamson County proceeding. In November 2010, after an evidentiary hearing, the Williamson County court signed an order striking Jones's petition in intervention. *See* Tex. R. Civ. P. 60. On December 17, 2010, the Williamson County court signed a final order in the SAPCR appointing the Department permanent managing conservator of F.A. and C.A. Jones timely filed a motion for new trial asserting that the trial court abused its discretion in striking her petition in intervention. As an additional ground, Jones stated:

> The Texas Department of Family and Protective Services failed to discern whether any other court was a court of continuing, exclusive jurisdiction over the children the subject of this suit, which rendered the Court's decision on December 17, 2010 voidable pursuant to Texas Family Code § 155.104(b). There are two final orders entered in two separate Travis County cases involving the children the subject of this suit; therefore those courts are the courts of continuing, exclusive jurisdiction over

3

the children the subject of this suit, and this Court should set aside the voidable order entered on December 17, 2010.

Jones also filed with the trial court a motion to vacate the Williamson County final order on the ground that it was voidable because a Travis County court had exclusive, continuing jurisdiction over the children. After the motion for new trial was overruled, Jones filed a notice of appeal and statement of appellate points, one of which stated her contention that the trial court's order was voidable because a Travis County court had continuing, exclusive jurisdiction over F.A. and C.A. *See id.* § 155.104(b) (final order rendered in absence of filing information from bureau of vital statistics is voidable on showing that court other than court that rendered order had continuing, exclusive jurisdiction). Although the clerk's record in her appeal was filed with this Court, Jones did not file a brief or respond to this Court's overdue notice. As a result, her appeal was ultimately dismissed for want of prosecution. *See Jones v. Texas Dep't of Family & Protective Servs.*, No. 03-11-00034-CV, 2011 WL 2437700 (Tex. App.—Austin June 17, 2011, no pet.) (mem. op.).

After the Williamson County court signed its final order in December 2010, Jones filed, in Travis County, the two pleadings that are the subject of this appeal. They are both titled First Amended Petition to Modify Order in Suit Affecting Parent-Child Relationship. In these pleadings, Jones sought to modify earlier Travis County orders regarding conservatorship of F.A. and C.A. so as to appoint her as the children's managing conservator. With respect to F.A., Jones alleged that the order she was seeking to modify was a Travis County order dated August 4, 2004, titled "Order Establishing the Parent-Child Relationship." With respect to C.A., Jones alleged that

4

the order she was seeking to modify was a Travis County order dated April 25, 2007, titled "Order Establishing the Parent-Child Relationship."[1]  In both pleadings, Jones alleged the following:

> The Texas Department of Family and Protective Services (hereinafter "the Department") was appointed as temporary managing conservator in an order issued in Cause Number 09-2194-FC1 in the County Court at Law Number 1 of Williamson County, Texas and styled "In the Interest of C.A. and F.A., Children" on August 9, 2009.  The Department was appointed as Permanent Managing Conservator in that same case on December 17, 2010.  Petitioner contends that this is a void or voidable order under Texas Family Code § 155.104.

Thus, Jones's pleadings did not seek to modify or set aside the Williamson County order; rather, she took the position that that order simply had no effect.

The Department filed a motion to dismiss Jones's pleadings in the Travis County SAPCR.  The Department asserted that the December 17, 2010 Williamson County order naming it as the managing conservator of the children was issued by a court with jurisdiction over F.A. and C.A. and thus superseded any previous orders relating to placement of the children.  Moreover, the Department contended that because Jones was not a party to the December 17, 2010 order, she did not have standing to seek to modify it; the Department noted that she had failed to appeal the Williamson County court's December 2010 order striking her attempted intervention in that proceeding.  The Department took the position that Jones lacked standing to challenge the order and that her petitions seeking to modify the previous Travis County orders were effectively collateral attacks on the Williamson County order.

---

[1]  The appellate record does not include a copy of an August 4, 2004 Travis County order regarding F.A. or an April 25, 2007 Travis County order regarding C.A.

5

The attorney ad litem (AAL) for F.A. and C.A. also filed a motion to strike Jones's pleadings. Like the Department, the AAL noted that Jones had failed to appeal the Williamson County court's order striking her plea in intervention and asserted that she had no standing to attempt to alter the Williamson County December 17, 2010 order appointing the Department as F.A.'s and C.A.'s managing conservator either by a motion to modify that order or by the "procedural maneuver" of filing petitions seeking to modify pre-existing Travis County orders.

On December 20, 2011, the Travis County court held a hearing on the motions to strike or dismiss Jones's petitions. The court heard extensive argument from the Department, the AAL, and Jones. At the conclusion of the hearing, the court concluded that the relevant statute was family code section 155.104 (voidable orders) and that, because the Department had failed to file the information it received from the bureau of vital statistics with the Williamson County court before the court rendered its December 2010 final order naming the Department the children's managing conservator, that order was voidable. *See* Fam. Code § 155.104(b) (if final order rendered in absence of filing of information from bureau of vital statistics, order is voidable on showing that court other than court that rendered order had continuing, exclusive jurisdiction). The court also found, however, that a voidable order may be set aside only by a direct attack, not a collateral one. *See Ramsey v. Ramsey*, 19 S.W.3d 548, 552 (Tex. App.—Austin 2000, no pet.) (while void judgment may be attacked at any time and any place, voidable judgment is susceptible only to direct attack and may not be assailed collaterally). Finally, the court stated its conclusion that Jones's pleadings effectively constituted collateral attacks on the December 2010 Williamson County order and, as impermissible collateral attacks, must be dismissed. Thereafter, the court signed an order striking

6

and dismissing both of Jones's petitions seeking to modify the prior orders in the Travis County SAPCRs related to F.A.'s and C.A.'s conservatorship. Jones perfected this appeal challenging the trial court's dismissal of her two petitions.

### Was the Williamson County Court Order Void or Voidable?

At the hearing on the motions to strike her pleadings, Jones argued that the Williamson County order was void. She asserted that, because it was void, the Williamson County order had no effect and could not serve as an impediment to her efforts to modify what she asserted were the effective conservatorship orders—the August 4, 2004 and April 25, 2007 Travis County orders.[2] We first consider, therefore, whether the Williamson County order was void or, as the trial court found, merely voidable.

When the Department filed the SAPCR in Williamson County in July 2009, it alleged that it believed that no other court had continuing, exclusive jurisdiction over the children but also represented that it would request the bureau of vital statistics to either identify the court that last had continuing, exclusive jurisdiction or confirm that the children have not been the subject of a suit resulting in a court of continuing jurisdiction. *See* Fam. Code § 155.101(a) (in all but two specific circumstances, petitioner or court shall request from bureau of vital statistics identification of court that last had continuing, exclusive jurisdiction of child in suit). In response to the Department's

---

[2] Counsel for Jones argued at the hearing that "the Williamson County order is void and we have to fall back on these two cases, the Travis County courts of continuing exclusive jurisdiction, those cases—the final orders in both of those cases are dangerous for the children because it appoints their mother as primary managing conservator and each of the fathers has some sort of possession or access."

request, the bureau of vital statistics sent two letters dated August 4, 2009. The letters stated—incorrectly—that neither F.A. nor C.A. had been the subject of a suit affecting the parent-child relationship in which a judgment was entered on or after January 1, 1974. *See id.* § 155.101(b) (on written request of court, attorney, or party, bureau of vital statistics shall identify court that last had continuing, exclusive jurisdiction or state that child has not been subject of suit). The Department did not, however, file the bureau of vital statistics letters with the court before the court signed its final order on December 17, 2010.

The family code provides that "[i]f a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child except as provided by this chapter . . . ." *Id.* § 155.001(c). Nonetheless, the family code expressly permits a court to rely on bureau-of-vital-statistics information when assuming jurisdiction over a SAPCR and provides that the court "shall have jurisdiction over a suit if it has been, correctly or incorrectly, informed by the bureau of vital statistics that the child has not been the subject of a suit and the petition states that no other court has continuing exclusive jurisdiction over the child." *Id.* § 155.103(a) (West 2008). Moreover, a court having exclusive, continuing jurisdiction of a SAPCR loses jurisdiction to modify its earlier orders if "another court assumed jurisdiction over a suit and rendered a final order based on incorrect information received from the bureau of vital statistics that there was no court of continuing, exclusive jurisdiction." *Id.* § 155.004(a)(3) The family code also provides that, if a request for information from the bureau of vital statistics has been made, the court may not render a final order until the information is filed with the court. *Id.* § 155.104(a).

8

In the present case, the Department did not file the bureau-of-vital-statistics letter before the Williamson County court rendered a final order. Because the court did not render a final order *based on* incorrect information from the bureau of vital statistics, the Travis County court did not lose its continuing, exclusive jurisdiction when the Williamson County court rendered its order. *See id.* § 155.004(a)(3) (court loses its continuing, exclusive jurisdiction when another court assumed jurisdiction over suit and rendered final order "based on" incorrect information received from bureau of vital statistics that there was no court of continuing, exclusive jurisdiction). Jones argued at the hearing that, because the Department failed to file the bureau-of-vital-statistics letter with the Williamson County court, the Travis County court never lost continuing, exclusive jurisdiction, and the Williamson County order was therefore void. While we agree that the Travis County court did not lose its continuing, exclusive jurisdiction, we disagree that the Williamson County order was void. The family code addresses the very situation presented here—where the bureau of vital statistics has provided information that would confer jurisdiction on the court, but that information has not been filed with the court. *See id.* § 155.104. Section 155.104(b) provides that "if a final order is rendered in the absence of the filing of the information from the bureau of vital statistics, the order is voidable on a showing that a court other than the court that rendered the order had continuing, exclusive jurisdiction." *Id.* § 155.104(b). In enacting the statute, the legislature used the term "voidable" rather than "void." We presume that the legislature knows the difference between void and voidable orders and that it chooses a statute's language with care, including that each word is chosen for a purpose. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). "[I]t is a fair assumption that the Legislature tries to say what it means, and therefore the

9

words it chooses should be the surest guide to legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). Had the legislature intended for orders rendered in a SAPCR to be void when the parties failed to file bureau-of-vital-statistics information, it knew how to do so. Instead, the legislature expressly provided that such orders would be "voidable" upon a showing that a different court had continuing, exclusive jurisdiction. Thus, we conclude that the Williamson County court order rendered prior to the Department's filing the bureau-of-vital-statistics letter was merely voidable, not void.

### *Are Jones's Pleadings a Collateral Attack on the Williamson County Final Order?*

In the absence of a direct attack, such as by appeal, judgments that are merely voidable are not vulnerable to collateral attack at any time. *Ramsey*, 19 S.W.3d at 552. Here, the trial court found that Jones's pleadings were an impermissible collateral attack on a final order and therefore struck and dismissed them. We agree that Jones's pleadings constituted an impermissible collateral attack on the December 17, 2010 Williamson County order.

A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief against which the judgment currently stands as a bar. *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). If a proceeding seeks to avoid the effect of a judgment but does not constitute a valid direct attack, it is a collateral attack. *Texas Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex. App.—Austin 1997, pet. denied). In her pleadings, Jones asserted that the Williamson County order was void. Through her assertion that the Williamson County order had no effect, Jones sought to modify the two Travis County orders

10

that she asserted were the last valid conservatorship orders regarding F.A. and C.A. This was plainly a collateral attack on the Williamson County order. *See Toles v. Toles*, 113 S.W.3d 899, 914 (Tex. App.—Dallas 2003, pet. denied) (collateral attack attempts to avoid binding force of judgment in separate proceeding brought for some other purpose). Jones's pleadings did not seek to modify or vacate the Williamson County order; Jones had previously abandoned her appeal in which she directly attacked the validity of that order. Instead, Jones's pleadings sought specific relief against which the December 17, 2010 Williamson County order would have served as a bar—i.e., she sought to modify Travis County orders that had been superseded by the Williamson County order. The trial court did not err in concluding that Jones's pleadings were an impermissible collateral attack on a final order of the Williamson County court.

### Jones's Appellate Issues

In her brief, Jones brings five issues challenging the trial court's order striking her intervention. In her first issue, Jones argues that she had standing to file an original SAPCR and, therefore, to file the petitions seeking to modify the August 4, 2004 and April 25, 2007 Travis County orders. We need not address this issue, however, because the trial court did not dismiss Jones's pleadings on the ground that she lacked standing but, rather, because they constituted an impermissible collateral attack. *See* Tex. R. App. P. 47.1.

In her second issue, Jones argues that the Williamson County final order did not cause the Travis County court to lose its continuing, exclusive jurisdiction. As we understand it, the thrust of Jones's argument is that the Williamson County order is void because the court lacked jurisdiction to render it. We agree that the Williamson County order did not divest the Travis County court of its

11

continuing, exclusive jurisdiction because the Department failed to file the bureau-of-vital-statistics letter. *See* Fam. Code § 155.004(a)(3). Jones appears to argue that family code section 155.104, which provides that a final order rendered in the absence of filing the information received from the bureau is voidable, should not apply in this case, and that rather than being voidable, the order is void. Jones argues that the Department "failed to bring the [bureau-of-vital-statistics letters] to the attention of the court, and then neglected to notify the court or any other party that the final order was voidable."[3] To the extent Jones is contending that the Department's failure to file the letter renders section 155.104(b) inapplicable, this position is directly contradicted by the plain language of the statute, which indicates that the very predicate to section 155.104(b)'s application is the failure to file information received from the bureau of vital statistics. *See id.* § 155.104(b). The statute provides that in such a case a final order is voidable if it is shown that a different court had continuing, exclusive jurisdiction. And Jones's appeal from that order, which was dismissed for want of prosecution, would have been the appropriate vehicle to make that showing.

Next, Jones argues that there is a conflict among Texas appellate courts with respect to whether the family code's continuing, exclusive jurisdiction provision, section 155.001, is truly jurisdictional or merely a matter of "dominant" jurisdiction, more closely analogous to the rules of venue. *See id.* § 155.001(a) (court acquires continuing, exclusive jurisdiction over SAPCR on rendition of final order). In support of this argument, Jones relies on *Celestine v. Department of*

---

[3] We note, however, that Jones also states in her brief that "[b]y its failure to properly file the [bureau-of-vital-statistics] results, the Department did not allow the court or the parties to ensure a proper procedural process, resulting in a voidable order and protracted litigation regarding [the] children."

*Family & Protective Servs.*, 321 S.W.3d 222 (Tex. App.—Houston [1st Dist.] 2010, no pet.), which she contends supports her position that the Williamson County order is in fact void. In *Celestine*, the First Court of Appeals observed that Texas appellate courts disagree as to whether the family code's continuing-and-exclusive-jurisdiction provision is truly jurisdictional or merely a matter of dominant jurisdiction, more closely analogous to the rules of venue. *Id.* at 229. The Houston court noted that, in *Ramsey v. Ramsey*, this Court held that conservatorship provisions of a divorce decree rendered by a different court from one that had rendered an earlier SAPCR order were not void and thus not vulnerable to collateral attack. *Id.* (citing *Ramsey*, 19 S.W.3d at 551-56). By contrast, the El Paso Court of Appeals has held that the continuing, exclusive jurisdiction provision is "truly jurisdictional" and that an order issued by one district court is void for want of jurisdiction when another district court in the same county had continuing, exclusive jurisdiction. *In re Aguilera*, 37 S.W.3d 43, 49, 52-53 (Tex. App.—El Paso 2000, orig. proceeding). While Texas appellate courts may have reached different conclusions regarding the validity of such orders generally, these cases are inapplicable to the present case because the legislature has, by statute, expressly provided that an order rendered under the circumstances presented here is voidable rather than void. We overrule Jones's second issue.

In her third issue, Jones asserts that even if the Williamson County court was the court with jurisdiction over her petitions, her Travis County filings put the Department and the AAL on notice that she intended to seek custody of F.A. and C.A. She contends that if the Department was going to take the position that she filed her pleadings in the wrong court, it should have filed special exceptions or a plea to the jurisdiction immediately. Jones does not, however, explain how

13

this alleged failure by the Department resulted in any reversible error. The trial court dismissed her pleadings because they constituted an impermissible collateral attack on the Williamson County order, not because of a pleading deficiency that could have been cured in response to special exceptions or a plea to the jurisdiction. We overrule Jones's third issue.

In her fourth issue, Jones maintains that the marriage of F.A.'s parents did not extinguish the August 4, 2004 Travis County order regarding conservatorship of F.A. *See* Fam. Code § 154.006(b) (marriage or remarriage of obligor and obligee to each other terminates order for current child support, possession, or access unless non-parent or agency has been appointed conservator of child). Jones contends that the marriage of F.A.'s parents was not valid because F.A.'s father was married to someone else at the time he purported to marry F.A.'s mother. We need not address this issue, however, because the trial court's order dismissing Jones's petitions was based on its conclusion that they constituted an impermissible collateral attack on the Williamson County court order, not because it concluded that the August 4, 2004 order had terminated. *See* Tex. R. App. P. 47.1.

In her fifth issue, Jones argues that the trial court should not have proceeded with the hearing on the motions to strike and dismiss her pleadings because she did not receive proper notice of the hearing. Specifically, Jones states that the motions were served by facsimile on Friday, December 16, 2011, for a hearing set the following Tuesday, December 20, 2011. According to Jones, because she was served by facsimile, the Department and the AAL should have added three additional days to the three-day notice requirement in rule 21 of the Texas Rules of Civil Procedure, which would have meant that the earliest date the hearing could be held was December 22, 2011.

14

Jones's argument, however, overlooks the language contained in rule 21 that notices "shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules *or shortened by the court.*" Tex. R. Civ. P. 21 (emphasis added). At the hearing, counsel for Jones represented to the trial court that she believed her application for temporary orders was properly before the court and sought to proceed with that matter. Counsel for Jones also agreed that the issue of whether Jones's pleadings were properly before the court was a threshold issue. The trial court proceeded with the motions to dismiss Jones's pleadings both because they presented threshold issues and because the court found that there was no surprise to Jones. The court noted that the jurisdictional issues had to be addressed before the court could consider Jones's request for temporary orders and that the temporary restraining order Jones had earlier obtained would expire if the hearing did not go forward that day. We conclude that the trial court did not abuse its discretion in shortening the notice period for hearing the Department's and the AAL's motions to strike. We overrule Jones's fifth issue.

**CONCLUSION**

Having overruled Jones's appellate issues necessary to disposition of this appeal and having concluded that the trial court properly dismissed Jones's pleadings on the ground that they constituted an impermissible collateral attack on a final order, we affirm the trial court's order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   April 25, 2013

16