

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00577-CV

**IN THE INTEREST OF L.T.** and K.T., Children

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02227
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  January 17, 2018

AFFIRMED

Kenneth[1] appeals the trial court's judgment terminating his parental rights to L.T. and K.T.

He argues (1) there is insufficient evidence to support the trial court's finding he did not admit or

counterclaim for paternity after being served or waiving service of process; and (2) the trial court

erred by exercising jurisdiction because another court had continuing, exclusive jurisdiction over

the children. We affirm the trial court's judgment.

### BACKGROUND

The Department of Family and Protective Services removed L.T. (born in 2013) and K.T.

(born in 2016) from their mother, Jessica, after receiving numerous reports alleging she abused

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents are referred to by their first names and children are referred to by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

drugs and had neglected the children. The Department's affidavit in support of removal stated Kenneth was the children's father he had been recently released from jail in California, was a chronic drug abuser, and was "reportedly not allowed to leave the state" of California.

The Department filed an original petition for conservatorship of the children and to terminate Kenneth's and Jessica's parental rights. The trial court thereafter ordered Kenneth to complete a family service plan prepared by the Department. Kenneth wrote a letter to the trial court stating he resides in California, Jessica illegally took the children from California, and "[t]here was an open child custody case . . . in California regarding [L.T.] and [K.T.]."

The case proceeded to a bench trial, at which Department caseworker Yesenia Sanchez testified. According to Sanchez, Jessica was using methamphetamines and did not seek medical treatment for K.T.'s renal failure. Sanchez stated Kenneth told her "he wanted his kids back and he wanted [her] to make that happen." Sanchez also stated Kenneth had been incarcerated three times during the case for assault, had no contact with the children during the case, and failed to complete services on his family service plan. Jessica told Sanchez "there was domestic violence, which is why [Jessica] left California and was in Texas." Sanchez stated the children were placed with Jessica's brother, who was meeting the children's basic needs.

The trial court signed a judgment terminating Jessica's and Kenneth's parental rights. In addition to finding termination is in the children's best interest, the trial court found three grounds for terminating Kenneth's parental rights: (1) constructive abandonment; (2) failure to complete court-ordered provisions of his family service plan; and (3) failure to admit or counterclaim for paternity after being served or waiving service. Only Kenneth appealed.

### SUFFICIENCY OF THE EVIDENCE

Kenneth argues there is insufficient evidence to support the trial court's finding that he did not admit or counterclaim for paternity after being served or waiving service under Texas Family

Code section 161.002(b)(1). *See* TEX. FAM. CODE. ANN. § 161.002(b)(1) (West Supp. 2017). The Department responds the trial court's judgment may be affirmed based on its findings of grounds for termination under section 161.001(b)(1), including constructive abandonment and failure to complete his family service plan. *See id.* § 161.001(b)(1)(N), (O).

When, as here, an appellant does not challenge all findings that would independently support the trial court's judgment, we must affirm the judgment. *In re J.J.J.*, No. 04-17-00254-CV, 2017 WL 3044584, at *3 (Tex. App.—San Antonio July 19, 2017, pet. denied). Even if insufficient evidence supports the trial court's finding that Kenneth did not admit or counterclaim for paternity after waiving service, we cannot say the trial court erred because the unchallenged findings independently support the judgment. *See id.*; *see also* TEX. FAM. CODE. ANN. § 161.001(b) (providing parental rights may be terminated if a trial court makes a best-interest finding and a finding of at least one of the grounds listed in that section).[2]

## CONTINUING, EXCLUSIVE JURISDICTION

Kenneth argues the trial court erred by exercising jurisdiction in this case because another court had continuing, exclusive jurisdiction. He notes the trial court found "a request for identification of a court of continuing, exclusive jurisdiction has been made as required by Section 155.101, Texas Family Code" and "this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case." Kenneth complains there is "no evidence that said request had been made, and such findings are allowed only if the issue is not disputed by the pleadings."

Subject to exceptions not applicable in this case, the petitioner or trial court must "request from the vital statistics unit identification of the court that last had continuing, exclusive

---

[2] Moreover, we note the record supports the trial court's other findings.

jurisdiction of the child in a suit." TEX. FAM. CODE. ANN. § 155.101 (West Supp. 2017). "If a request for information from the vital statistics unit relating to the identity of the court having continuing, exclusive jurisdiction of the child has been made . . . a final order, except an order of dismissal, may not be rendered until the information is filed with the court." *Id.* § 155.104(a). "If a final order is rendered in the absence of the filing of the information from the vital statistics unit, the order is voidable on a showing that a court other than the court that rendered the order had continuing, exclusive jurisdiction." *Id.* § 155.104(b). In this context, "a court acquires continuing, exclusive jurisdiction . . . in connection with a child on the rendition of a final order." *Id.* § 155.001(a).

Kenneth complains there is nothing in the record showing the trial court requested identification of the court that last had continuing, exclusive jurisdiction of the children in this suit. To be preserved for appellate review, such a complaint must first be made in the trial court. *In re M.L.G.J.*, No. 14-14-00800-CV, 2015 WL 1402652, at *3 (Tex. App.—Houston [14th Dist.] Mar. 24, 2015, no pet.) (mem. op.); *see Jones v. Tex. Dep't of Family & Protective Servs.*, 400 S.W.3d 173, 178-79 (Tex. App.—Austin 2013, no pet.) (stating, under the applicable statute, an order rendered without the required request is merely "voidable" and not void). Kenneth did not complain in the trial court about the absence of a proper request for identification of the court that last had continuing, exclusive jurisdiction of the children. He has therefore not preserved the issue for appellate review. *See In re M.L.G.J.*, 2015 WL 1402652, at *3. And, although Kenneth's letter to the trial court indicates there was an "open" custody case in California, the record does not show that another court had rendered a final order or otherwise acquired continuing, exclusive jurisdiction. *See id.*; *see also* TEX. FAM. CODE. ANN. § 155.001(a).

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice